CLARK *vs.* BENTON FARMER'S WOOLLEN MANUFACTURING COMPANY.

In a suit against a corporation, the defendants are not entitled to set aside the proceedings for a *variance* between the writ and declaration *in the cause of action*, or because the *venue* is changed in the declaration from what it was in the writ.

September 4.          IN this case, an *original writ* was issued and served upon the treasurer of the company; the cause of action set forth in the writ was the making of a promissory note by the defendants, alleged to have been made *at Milo in the county of Yates*. The writ was returnable on the 19th of July. On the 22d July, the plaintiff filed a declaration, laying the *venue* in

*Yates.* On the *sixth* day of *August,* notice of retainer of an attorney by the defendants was served. On the next day, the plaintiff filed an *amended declaration,* laying the venue in *Onondaga* county, and stating the note declared upon to have been made at Milo, in the county of Yates, to wit, at *Onondaga,* in the county of Onondaga, and on the *eighth* day of August served a copy of the amended declaration on the defendant's attorney. The defendant moved to set aside the amended declaration and all subsequent proceeding for *irregularity,* on the ground of *variance* between the writ and declaration. For the plaintiff, it was insisted, that the only effect of a variance *in the cause of action* between the writ and declaration is, that in a *bailable* case, the defendant is entitled to be discharged on common appearance, but that the proceeding will not, for that cause, be set aside ; and that the same consequence, and no other, flows from a change of venue. 1 Chitty's Pl. 249, 255. That here no bail being demanded, the defendants were not entitled to ask any thing.

Mr. Justice SUTHERLAND denied the motion.