## THE CAMDEN AND AMBOY RAIL-ROAD AND TRANSPORTATION COMPANY *vs.* REMER and others.

The modern doctrine is to consider corporations as having such powers as are specifically granted by the act of incorporation, or are necessary for the purpose of carrying into effect the powers expressly granted, and as not having any other.   *Per* HAND, J.

But *it seems* that a corporation need not set forth its title, in the pleadings, but may show on the trial, its corporate existence, and that it had power to make the contract which it seeks to enforce or make available.   Accordingly, *Held*, on demurrer to a bill filed by a corporation as the assignee of a demand, for the purpose of enforcing the same, that it was sufficient for the complainants to allege generally, in their bill, that they were duly incorporated, and had power to purchase and hold the demand.

IN EQUITY.   A large quantity of barley belonging to George A. Kohl was shipped at Albany, for Lambertsville, N. J. in a vessel belonging to the defendant B. M. Remer.   The vessel was sunk and the barley lost, as Remer insisted, by the negligence of The Brunswick Steamboat and Canal Transportation Company.   Remer sued that company and recovered judgment, among other claims, for this barley.   Remer was insolvent, and had assigned this judgment to a part of the other defendants in this suit.   Kohl filed a bill to compel the payment to him of a proportionate share of the judgment, and obtained an

Camden and Amboy Rail-Road, &c. v. Remer.

injunction to prevent Remer from collecting that portion of it. Kohl, during the pendency of that suit, sold and assigned his claim to the plaintiffs, for $1500, and received the purchase money. The solicitor for the defendants in Kohl's suit, on application, declined to consent that the suit should proceed in his name after the assignment. The assignees, the plaintiffs, then filed this bill against the defendants in the former suit to obtain their share of the Remer judgment against the B. S. and C. T. Co. and made Kohl also defendant. The plaintiffs were described in the bill thus: "Your orators, The Camden and Amboy R. R. and Transp. Co. a body politic and corporate created and doing business according to law, under and by virtue of an act of the council and general assembly of the state of New Jersey, passed on the fourth day of February, 1830, entitled an act to incorporate 'The Camden and Amboy Rail-Road and Transportation Company, &c.'" The charter was not set out, nor was it alleged that the plaintiffs had power granted to them therein to loan money or purchase demands. In stating the transaction with Kohl, the bill added, " and said Kohl and his friends urged so earnestly upon said Stevens and other directors of your said orators' company that said Kohl should be aided and relieved from his unfortunate position, that the board of directors of said company, to wit: The Camden and Amboy Rail-Road and Transportation Company, (who were authorised so to do,) empowered said Stevens to make suitable arrangements with said Kohl in relation thereto." The defendants Remer, Mallory, Smith and Lane, demurred specially, for the reason that no power to purchase or hold said demand was averred.

*S. H. Hammond*, in support of the demurrer. The plaintiffs, as a corporation, had no power to purchase claims against individuals, and it is not alleged nor claimed in the bill that the charter gives this power in express terms. They can only do what is usual and necessary as a means of attaining the object of their charter. They cannot turn brokers or philanthropists. We make no objection that the act is not set out in these plead-

ings. But they should allege that they had power. Besides, they counted upon the act, and we may look into it, and there we find no such authority. The court will not presume the power, and it is not averred. (2 *Kent.* 298. *Angell & Ames on Corp.* 200. 15 *John. Rep.* 358. 1 *R. S.* 600. 2 *Cranch*, 127. 4 *Wheaton*, 636. 4 *Pet. Rep.* 152.) Again, Kohl was improperly made a defendant. Indeed no bill was necessary at all.

*Cambridge Livingston,* contra. This is not the time to argue the grave question of power. All we have to do is to show the pleadings correct. The charter is not before us. The power is a question of fact. We set out that we were duly authorized to purchase the demand. This was sufficient. We were not obliged to set out the act of incorporation. We allege that we are a corporation, and we are not obliged to keep our money hoarded up. We do not go into the streets as brokers. A right to dispose of surplus money is a right incidental to all such corporations. (1 *John. Ca.* 132. 2 *Cowen,* 770. 15 *Wend.* 314. *Angell & Ames on Corp.* 501, 87.) This bill is not strictly a bill of revivor, but an original bill in the nature of a supplemental bill. Kohl was a proper party. If not a party he might afterwards deny the assignment. These defendants cannot complain ; and besides, the code of procedure will aid that if wrong.

HAND, J. The parenthetical allegation in the bill, "(who were authorized so to do,)" I think may be applied to a designation of the officers who could act for the company. It is not to be supposed that so important a matter was intended to slip into the pleadings in a manner so curt, loose and indefinite. The main question then, for I do not think the difficulties suggested orally by the defendants counsel are tenable, is, should the complainants have averred their authority to purchase Kohl's supposed interest in the judgment Remer had obtained ? This judgment was recovered in this state, but the complainants were a corporation in New Jersey, and the purchase, as appears by the assignment, was made in that state. Corpora-

Camden and Amboy Rail-Road, &c. *v.* Remer.

tions must be constituted in some place ; but by comity of na-
tions, they are permitted to sue in a foreign country, (*Silver
Lake Bank* v. *North,* 4 *John. Ch. Rep.* 370 ; 4 *Wheaton,* 518 ;
*Story's Eq. Pl.* 55 ; 5 *Wend.* 482,) and now our statute allows
this to be done. (2 *R. S.* 457.) It is said, correctly no doubt,
that corporations must be subject to the laws of the state where
they exercise their powers, wherever chartered. (13 *Pet. Rep.*
589. *Angell & Ames on Corp.* 122, *and note.*) What effect
the purchase of this claim in New Jersey, if legal there, will
have on the remedy here, it is not necessary now to determine.
(11 *Paige,* 635.) At common law, corporations could hold and
purchase property of any kind, though not so by the civil law.
(1 *Bl.* 478. 2 *Kent.* 281, *and cases there cited. Angell &
Ames on Corp.* 110, *and cases there cited.*) By various restric-
tions the power to do so is now very much abridged. The
modern doctrine is, to consider corporations as having such
powers as are specifically granted by the act of incorporation,
or are necessary for the purpose of carrying into effect the pow-
ers expressly granted, and as not having any other. (2 *Kent,*
298, *and cases there cited. Bank of Augusta* v. *Earle,* 13
*Pet. Rep.* 587. 15 *John. Rep.* 358.) And it is well settled
that the complainant must have not only an interest in the sub-
ject of the suit, but a title to institute the suit. (*Mitf.* 155, 231.
8 *Ves.* 398. *Story's Eq. Pl.* §§ 261, 318, 549.) But notwith-
standing this rule, it seems that a corporation need not set
forth its title in the pleadings, but may show on the trial its
corporate existence, and that it had power to make the contract
it seeks to enforce or make available. (*Norris* v. *Staps, Hob.*
211. *Bank of Michigan* v. *Williams,* 5 *Wend.* 482, *and
cases there cited. The M. and F. Ins. Bank of Georgia* v.
*Jauncey,* 1 *Barb. Sup. Court Rep.* 486. *And see* 1 *Chit. Pl.*
331 ; 1 *Saund. Rep.* 340, *n.* 2 ; *Angell & Ames on Corp.* 568,
9, *and cases there cited.*) This may not seem very logical
pleading, at least in equity, but perhaps the rule may be a safe
one. Such seems to have been the practice adopted by the
pleaders in the case of the *Silver Lake Bank* v. *North,* (*su-
pra.*) *The M. & F. Bank of Georgia* v. *Jauncey,* was in

equity. However, I believe all the cases in this state, and in England, except *The Silver Lake Bank* v. *North*, which are cited in Angell & Ames on Corporations, were cases at law; and most of them merely decide that the charter need not be set out; which is undoubtedly correct. The cases in 4 *John. Ch. Rep.* 370, and 1 *Barb. Sup. Court Rep.* 486, are all I have been able to find in a court of equity bearing on this point. *Norris* v. *Staps*, with which the rule seems to have originated, was a case at law, and the averments were much more full than in the principal case. And besides, the defendant there pleaded *nil debet*. Still, I cannot see why the pleading, in this respect, should not be as full at law as in equity, and perhaps it is as well to have a uniform rule. The demurrer must be overruled and the defendants must have 40 days to answer on payment of costs. In case of their default, the bill may be taken as confessed.

