Hand, J.
It appears by the complaint that this is a foreign corporation; but prima facie, a foreign corporation may sue on a note here the same as a domestic corporation or' natural person. (Norris v. Staps, Hob., 211; Bk. Mich. v. *573 Williams, 5 Wend., 482; Silver Lake v. North, 4 Johns. C. R., 370; Ang. & A. on Corp., 5689, and cases there cited; Ld. Ray., 1532; Stra., 612; 4 Barb., 130.) But it is said that the complaint does not show .that the company had authority to take these notes. . It is alleged that each note was given as a part of a premium of insurance then payable on certain specified policies issued to the defendant and other persons, and was payable twelve months after date, or sooner if required to meet assessments; and as it is further stated that the business of the corporation is to insure the lives of the corporators, the insurance must be presumed to have, been of that kind. Besides, it does not appear by the complaint that the policies were issued or the notes given in this state. If it had, we are not to presume that the plaintiff has not complied with the requirements of our statute in such cases. Four of them are also said to have been upon the lives of others; but we cannot know that the defendant had no interest in the life of the person insured, or that there was no other consideration; nor, without looking farther into the pleadings, can we know that such a note was not authorized by the charter. Prima fade, then, the notes are valid; and I see no objection on the face of the complaint to a recovery by the plaintiff.
But the third answer or plea purporting to be a defence to three of the notes presents a very different case. The allegations in it, are, in brief, that the company, though incorporated in another, is doing business in this state where the defendant resides; and that these notes were given here; that the company was incorporated solely for the purpose of carrying on the business of mutual life insurance; that by the act of incorporation, persons while insured are members; that the company may take notes of the members for the whole or a part of the premiums ; and that, with this exception, the act contained no provision in relation to taking notes of any person; that these notes were given for premiums only, and were given, one for the premium *574 upon a policy of insurance issued to one Marsh, by which Marsh became a member; and that it was given for the accommodation of Marsh, and without consideration as between Marsh and defendant, or plaintiff and defendant, or between defendant and other persons, and for the sole purpose as aforesaid; that defendant was not and did not become a member, nor was he in any way interested in said policy; and it does not appear that the insured was a party to the note. The facts are the same substantially as to the other two notes mentioned in this plea; and the question arising upon these facts, as I understand them, is simply whether the company on issuing a policy can take the note of a third person for the premium, instead of that of the person becoming insured. A note to the.corporation for a valuable consideration, and not obtained in violation of its charter, but in "the way of its business, would be good. Instead of requiring payment of the premiums, the act, in this case, provides that it shall be lawful to take the notes of the members. The mode of doing this part of the business is pointed out; and. that mode I think should be substantially followed. If not necessary to membership, the other members of the company have, a right to require that every person insured, should pay or give his own note, and not that of a stranger who has no interest in the company. I do not say no one but the person insured should sign the note in any case, nor but that one may be so far beneficially interested as to authorize his giving the note, though not himself nominally insured; 'but this is, theoretically at least, a system of mutual indemnity and liability; and the plan evidently indicated by the charter should, be followed. Perhaps cases may arise authorizing a departure; but. if so, this is not one of them. It does not appear that the defendant had any interest in these lives, which, he could have insured. It is not shown that he was a. member, or assignee of the policies, or had any interest therein. The referee was right, therefore, in holding that on these pleadings, the plaintiff *575 could not recover upon the notes given by the defendant for premiums upon the policies of insurance issued to Marsh, Lee and Mary Davis.
The judgment should be affirmed.
Gardiner, Ch. J., Marvin, Crippen and Dean, Js., were also for affirmance. Denio, J., dissented. Ruggles and Johnson, Js., took no part in the decision.
Judgment affirmed.