## SUPREME COURT.

### THE BANK OF WATERVILLE, and WEST WINFIELD BANK agt. GEORGE BELTSER.

It appears to be a well established rule, that a *corporation*, when suing, need not *aver*, and need not *prove* its corporate existence, unless it be *expressly pleaded that it is not a corporation.*

And this rule applies to banks incorporated under the special provisions of the general banking law, whether suing in the name of the bank or in the name of its president alone. (*See Johnson* agt. *Kemp*, 11 *How. Pr. Rep.* 186, *adverse.*)

This objection to a complaint should be properly taken by *demurrer*, although where the answer contains the objection in form as a demurrer, it will be considered sufficient.

*Kings Circuit, Nov.,* 1856.

THE plaintiffs' complaint in this action was as follows :—

" The plaintiffs above named complain against the defendant above named, that on the 25th day of March, A. D. 1856, at the city of New-York, made his certain promissory note in writing, whereby he promised to pay to the order of A. H. Guston fifty dollars, for value received, which note was then and there delivered, by the defendant, to said A. H. Guston, who afterwards endorsed and delivered the same to Hartshorn, Clark, Babcock & Co., and that the said Hartshorn, Clark, Babcock & Co. afterwards duly transferred, and for value delivered the same to the plaintiffs, who are now the lawful owners and holders thereof. And that there is now due the plaintiffs there-

The Bank of Waterville, and West Winfield Bank agt. Beltser.

upon, from the defendant, the sum of fifty dollars, principal, together with interest thereon from the 8th day of June, 1856 : for which principal sum and interest the plaintiffs demand judgment, besides costs of this action.

"L. HENRY, Pl'ffs Att'y.

"Dated, Aug. 8th, 1856."

The defendant answered the complaint as follows :—

"The answer of the above named defendant, George Beltser, to the complaint herein, states,

"That the said defendant objects to the said complaint, because it does not show or refer to any law incorporating the plaintiffs, or under which they are organized, or doing business, or that the plaintiffs have any legal capacity to sue.

"And the said defendant, by his said answer, further says, that it is not true ; and he therefore denies each and every allegation in the said complaint contained.

"Wherefore, he prays that the said complaint may be dismissed with costs.

"JOHN S. APPLEGATE, Att'y for Def't.

"Dated August, 1856."

L. HENRY, *for plaintiffs*.
JOHN S. APPLEGATE, *for defendant*.

EMOTT, Justice. The answer in this action does not allege that the plaintiffs are not corporations. It only objects to the complaint that it does not contain averments by the plaintiffs themselves of their corporate existence, and their consequent right to sue. It is very questionable whether such an objection should not be taken by a demurrer in the present instance ; but that question it will not be necessary for me to discuss. Perhaps this portion of the answer may be regarded as a demurrer.

The main question in the case is, whether, in a suit by a corporation, the plaintiff is bound to allege its own corporate

character, and title to sue in a court of justice? The Code contains no new enactments in respect to pleadings in suits by corporations; and the provisions of article 1, title 10, chap. 8, of the 3d part of the Revised Statutes, are expressly retained, so that the rules of pleading in these actions are the same as they were at common law, with only the modifications introduced by the Revised Statutes. At common law it was well settled, that when an action was brought by a corporation, they need not show how they were incorporated. So it was expressly decided by the court of king's bench, in *Henriques* agt. *The Dutch West India Company*, on a writ of error from the common pleas, and the judgment was afterwards affirmed in the house of lords. The report of the case (2 *Ld. Raym.* 1535) gives the reasoning of the court, that if the name is proper for a corporation, the name argues a corporation; but upon the general issue pleaded, the plaintiffs must prove themselves to be a corporation. A still earlier authority had declared the same rule. (*Norris* agt. *Stops, Hob.* 211.)

The earliest case in our reports is *The President, &c., of the U. S. Bank* agt. *Haskins*, (1 *Johns. Cases*, 132,) where, upon demurrer to a plea in abatement, that the act of incorporation was not set forth in the declaration, the court held, that whether the charter of the bank was a public or a private act, it was, at all events unnecessary to set it forth.

In *The Dutchess Cotton Manufactory* agt. *Davis*, (14 *J. R.* 238,) the question came up in the case of a corporation formed like the present banking associations, under a general law, on special demurrer, and the rule was laid down precisely as in the report of the case of *Henriques* agt. *The Dutch West India Company*, and the decision in *The President of the Bank of the U. S.* agt. *Haskins*, and a subsequent decision to the same effect in *Jackson* agt. *Plumb*, (8 *J. R.* 378,) are cited and approved.

To the same effect is *The Bank of Utica* agt. *Smalley*, (2 *Cow.* 770, 778,) and *The Bank of Auburn* agt. *Weed*, (19 *J. R.* 300;) and in the last case on this point, which originated before the Revised Statutes, *The Bank of Michigan* agt. *Williams*, (5 *Wend.* 478,) the same rule was again distinctly laid down, that a cor-

poration, whether foreign or domestic, in bringing a suit, need not aver its own corporate existence, or plead its charter, but upon the general issue pleaded must prove itself a body politic. By the Revised Statutes, two changes in the pleadings were introduced by §§ 3 and 13 of title 4, chap. 8, of the 3d part. The first was, that it should no longer be necessary for a corporation plaintiff to prove itself a corporation, unless its corporate existence was denied, by a plea in abatement or in bar, averring that it was not a corporation. That is, the corporate character of the plaintiff was not put in issue, by the plea of the general issue, and the plea of *nul tiel* corporation became a good special plea; whereas, formerly it had been demurrable, as amounting to the general issue. (19 *J. R.* 300.)

The other section (§ 13,) was introduced, the revisers state, in their notes, to save prolixity in pleading, and provided that in stating or averring an act of incorporation, or the corporate character of a party, plaintiff or defendant, it should not be necessary, as had been held in some cases, to recite the charter or the proceedings creating the corporation—(as, for instance, in the case of corporations formed under a general law)—or to set forth the substance of such act of incorporation, or proceeding; but it should be enough to state the act under which the corporation was created by its title, and the date of its passage. A little attention to these two provisions will enable us to reconcile, with the former as well as the latter decisions, the case of *The Onondaga County Bank* agt. *Carr*, (17 *Wend.* 443,) to which I was referred, as in point against this complaint. That was a case where, the plaintiffs having declared without averring their corporate existence, the defendant pleaded *nul tiel* corporation, thus making it necessary for the plaintiffs, as the plea was a special one, averring new matter, and not issuable, to set up their corporate character in pleading by a reply; and also to prove that character at the trial under the 37th section of the new statute. The plaintiffs, in reply, set up their act of incorporation, and *concluded to the country*, and thus presented the issue simply of the passage of their charter. The court held, that as the declaration contained no averment of the

corporate character of the plaintiffs, and the first allegation putting that in issue came from the defendant, when the plaintiffs replied, specially averring that they had been incorporated at such a time by such an act; they had all the benefits intended by the 13th section of the chapter of the Revised Statutes in making this short statement of their incorporation, and had no right to narrow the issue to this fact alone by concluding their replication to the country. They were bound to end the replication with a verification, and thus permit the defendant to elect whether he would traverse the original incorporation set up in the reply in the short manner allowed by the statute, or aver an ouster, or dissolution, or any subsequent destruction of the plaintiff's corporate existence in a rejoinder. But this is all which the case decides, although the court very justly say, that if the declaration had averred the corporate character of the plaintiffs, the plea of *nul tiel* corporation being in answer to such averments, might have concluded to the country, and so saved all the subsequent pleadings: still they nowhere intimate that such an averment by the plaintiffs was necessary, or that the declaration was defective without it. There is nothing in this case, therefore, inconsistent with the well established rule to which I have adverted; and there is certainly no evidence of a design by the legislature to interfere with that rule, in introducing the provision, that a corporation suing not only need not aver, but need not prove its corporate existence, unless it be expressly pleaded that it is not a corporation.

The rule that when a corporation is plaintiff, it need not set out its charter or incorporation, is also recognised in *Clark* agt. *Benton Manuf. Co.*, (12 *Wend.* 218;) *Proprietors of Southold* agt. *Horton*, (6 *Hill*, 50;) and *Camden & Amboy R.R. Co.* agt. *Remer*, (4 *Barb.* 127.)

There are other recent cases where the same rule has been recognized both in equity and at law; and in the case of *The Mutual Ins. Co.* agt. *Osgood*, (1 *Duer*, 703,) the rule is expressly asserted, and applied under the Code. The only decision to the contrary which I have seen was made by Mr. Justice MITCHELL, in a case slightly differing from the present, be-

cause the suit was brought under the special provisions of the general banking law, in behalf of a bank in the name of its president, and not in the name of the bank. (*Johnson* agt. *Kemp*, 11 *How.* 186.) With great respect for that learned judge, however, I am unable to see how that decision can be sustained. At all events, the reasoning of the opinion is clearly in conflict with the whole line of authorities to which I have referred.

A careful examination of these authorities has removed any doubts which existed in my mind as to this complaint.

There must be judgment for the plaintiffs for the amount of the note proved, with costs.