## O'MALEY *v.* REESE.

In an action by a party to a wager on the result of an election, against the stakeholder, to recover back the amount of his deposit, the plaintiff may succeed without proving a demand of the money before the result of the wager was known.

Form of a special count by a party to a wager, against the stakeholder, to recover back his deposit.

The plaintiff may recover in such an action, under the count for money had and received.

The omission to refer to the statute against betting and gaming, in the declaration, is at most a formal defect, and can only be objected to by special demurrer.

O'Maley *v.* Reese.

MOTION to set aside report of referee. The declaration contained two counts, the first of which was in the following form : "Monroe county, ss. James O'Maley, plaintiff in this suit, by Paine and Cochrane, his attorneys, complains of John Reese, defendant, by declaration without writ of a plea that the said defendant render unto the said plaintiff, the sum of two hundred dollars which he owes to and unjustly detains from the said plaintiff. For that, whereas, heretofore, to wit, on the tenth day of October, in the year one thousand eight hundred and forty-six, at the city of Rochester, in said county, the said plaintiff and one Samuel M. Nevins entered into a wager in the sum of one hundred dollars, depending upon the result of the general election in the state of New-York, in the year aforesaid, and the said plaintiff then and there deposited a large sum of money, to wit, the sum of one hundred dollars in the hands of said defendant, as stakeholder, to abide the event of such wager. And the plaintiff avers that he did afterwards, to wit, on the day and year aforesaid, demand the said sum of one hundred dollars from said defendant, and the said defendant then and there refused to pay the same to the said plaintiff and still refuses so to do, to wit, at the city and county aforesaid."

The other was a common count in debt for money had and received to the plaintiff's use, in the usual form.

The defendant pleaded *nil debet*. The cause was referred to a referee, and was tried before him, who reported in favor of the defendant. He made a special report under an order of the court, stating that on the hearing before him, the following facts were proved :

1. That on the evening of the election, to wit, November 3, 1846, at the store of A. S. Alexander, in the city of Rochester, the plaintiff and one Samuel M. Nevins entered into a wager of one hundred dollars upon the election of Silas Wright for governor, at the general election on the day aforesaid. 2d. That the plaintiff and said Nevins, on the same evening, each placed in the hands of the defendant John Reese, as stakeholder, the sum of one hundred dollars. 3d. That such wager was made, and the money deposited before the result of the election was

known, and no demand was made on the defendant until after the result of the election was known. 4th. That after the result of the election was known, and before the commencement of this suit, the plaintiff sent an order to the defendant for the hundred dollars, and the defendant declined to pay it. The referee reported in favor of the defendant on the ground that the facts proved did not entitle the plaintiff to recover, under the declaration.

The plaintiff moved to set aside this report.

*Paine & Cochrane*, for the plaintiff.

*Bowne & Benedict*, for the defendant.

*By the Court,* WELLES, J. The objection to the plaintiff's recovery in this cause appears to be, .that the declaration does not refer to the statute, and is, therefore, a declaration at common law ; and that being so, the plaintiff could not recover without proving a demand of the money before the result of the wager was known. The referee certifies that the ground on which he reported in favor of the defendant was, that the facts proved did not entitle the plaintiff to recover, under the declaration in the cause. The declaration sets forth the wager, the deposit of the money with the defendant as stakeholder, to abide the event of the wager, and that the defendant refused to pay it back on demand. This is all proved, with the additional facts that the wager was made and the money deposited before, and that the demand was made after the result of the wager was known ; and that the wager was upon the election of Silas Wright as governor. The declaration also contains a count for money had and received.

The statute makes all wagers, bets, or stakes made to depend upon any race, or upon any gaming by lot or chance, or upon any lot, chance, casualty, or unknown·or contingent event whatever, unlawful ; and declares void all contracts for or on account of any money or property or thing in action so wagered, bet or staked. (1 *R. S.* 662, § 8.) The next section

O'Maley *v.* Reese.

gives to any person who shall pay, deliver, or deposit any money, property, or thing in action, upon the event of any wager or bet therein prohibited, the right to sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, or whether any such wager be lost or not. (§ 9.

I am not able to perceive any good reason why the count for money had and received is not sufficient in this case. The statute declares the transaction unlawful, and the contract, under which the defendant received the money, void. It also gives the plaintiff the right to sue for and recover the money back from the defendant. It does not even require a demand of the money before bringing the suit. The one hundred dollars was so much money in the defendant's hands, belonging to the plaintiff, and which the defendant had received under a contract or arrangement which the law prohibited, and which money the same law expressly allows the plaintiff to recover back, without directing the form of action he must use. The general rule is that where money has been received by the defendant, which *ex æquo et bono*, ought to be paid over to the plaintiff, it may be recovered by the plaintiff under the count for money had and received to his use. (1 *Chit. Pl.* 341.)

Where a payment has been made on a contract which has been put an end to, as where, either by the terms of the contract it was left in the defendant's power to rescind it, and he does so, or where the defendant afterwards assents to its being rescinded, this count may be supported. (*Id.* 343.) It would seem that upon the same principle, where money is received upon a contract utterly void, the general count should be sufficient, in an action to recover it back.

In *Pickard* v. *Banks*, (13 *East*, 20,) this form of declaring was used in an action to recover money of a stake holder which the plaintiff had won upon a wager.

But I am clear that under the special count the plaintiff was

entitled to a report in his favor. All the material facts alledged in it were substantially proved. If the declaration was defective, the defendant should have demurred, or have moved in arrest of judgment. The plaintiff by his proof sustained the issue on his part. And I incline to the opinion that if a special count was necessary, this one would be held good, at least on general demurrer, or on a motion in arrest of judgment. The plaintiff shows a case within the statute. The statute is a public one, and the defendant is chargeable with knowledge of its existence. The omission to refer to it, at most, is a formal defect, and can only be objected to by special demurrer.

For these reasons the report of the referee should be set aside.

Report set aside.

---

RENSSELAER CIRCUIT, June, 1849.    *Hand,* Justice.