*Jewett, J.
 

 The code that a com- 478 ] plaint shall contain a plain and concise statement of the facts constituting the cause of action. (§ 142.) Every fact which the plaintiff must prove, to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred or stated. The rule of pleading, in an action for a legal remedy, is the same as formerly, in this, that
 
 facts
 
 and not the
 
 evidence
 
 of facts must be pleaded. (1 Chitty Pl. 215;
 
 Read
 
 v.
 
 Brookman,
 
 3 T. R. 159, per Buller, J.;
 
 Eno
 
 v.
 
 Woodworth,
 
 4 N. Y. 249.)
 

 The plaintiffs, in their complaint in this action, state that, the defendant is indebted to the plaintiffs in the sum of $371.01, for *goods sold and delivered by 479 j the plaintiffs to the defendant, at his request, on the 1st day of May 1849, at the city of Buffalo, in said county of Erie, and that the items of their account exceed twenty in number, and that there is now due. them from the defendant the sum of $371.01, for which. they demand judgment against the defendant, with interest from the 20th day of October 1849, besides costs.
 
 *479
 
 In substance, stating that on the 1st day of May 1849, at the city of Buffalo, in the county of Erie, the plaintiffs, at the request of the defendant, sold and delivered to him goods, for which he then owed, or was then bound to pay, the plaintiff, the sum of $3-71.01, and that the items of their account of such goods exceeded twenty in number; and further averring that there was then due them from the defendant the sum of $371.01 (that is, that the time when the said money for said goods was promised to be paid, had expired), for which sum the plaintiffs demand judgment, &c. The question is, then, are there facts enough stated to constitute a cause of action ? I think, that there are.
 

 The words that the defendant is indebted to the plaintiffs in the sum of $371.01, for goods sold and delivered by them to him, at his request, on the 1st day of May 1849,- and that there was then due to the plaintiffs, from the defendant, said sum, clearly imply that a contract had been made between the plaintiffs and defendant, by which the former sold and delivered to the latter goods, at b is request, for which he promised to pay the plaintiffs the sum of $371.01; and that the period when the same was promised to be paid had expired. It contains every statement of fact necessary to constitute a good
 
 indebitatus
 
 count, in debt, according to the mode of pleading before the code. (2 Chitty Pl., ed. 1812, 142;
 
 Emery
 
 v.
 
 Fell,
 
 2 T. R. 28; 1 Chitty Pl. 345.)
 
 [1]
 

 The counsel for the defendant insisted, that the statement that there is “due,” &c., did not amount to a statement that the debt had become payable; that it meant no more than the statement that the defendant is “indebted,” &c., and that if the word “due” had two significations, the pleader could not select between them, and impute to it the one which suits his purpose
 
 *480
 
 *best; for the maxim was, that everything should be taken most strongly against the pleader, or, if the meaning of the words be equivocal, and two meanings present themselves, that construction shall be adopted which is most unfavorable to the party pleading.
 

 In the case of
 
 United States
 
 v.
 
 State Bank of North Carolina
 
 (6 Pet. 29), Judge Story said, that the term “due” was sometimes used to express the mere state of indebtment, and then it was an equivalent to
 
 owed
 
 or
 
 owing,
 
 and it was sometimes used to express the fact that the debt had become payable. In the latter sense, I think, that the word “due” was used by the pleader in the complaint in this suit, and in that sense it may be deemed to have been used. In 1 Chitty Pl. 241, it is said, that it is a maxim in pleading, that everything shall be taken most strongly against the party pleading, or rather that if the meaning of the words be equivocal, they shall be construed most strongly against the party pleading them; for it is to be intended, that every person states his case as favorably to himself as possible; but that the maxim itself must be received with some qualification, for the language of the pleading is to have a reasonable intendment and construction; and when a matter is capable of different meanings, that shall be taken which will support the declaration, &c., and not the other which will defeat it.
 
 (Wyat
 
 v.
 
 Aland,
 
 1 Salk. 325.)
 

 The code (§ 159) declares, that in the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties; and § 140 provides, that the rules by which the sufficiency of the pleadings is to be determined are modified as prescribed by that act. I think, then, that we are not only authorized but required to consider that the term “due” was used in the complaint to express the fact that the money sought to be recovered had become payable, or the time when it was promised to be paid had elapsed. The judgment should be affirmed with costs.
 

 Judgment affirmed.
 
 [2]
 

 [1]
 

 A complaint may be in the form of a declaration at common law, if not inconsistent with the code. Dows
 
 v.
 
 Hotchkiss, 10 N. Y. Leg. Obs. 281.
 

 [2]
 

 To the same effect, see Keteltas v. Myers, 19 N. Y. 233 ; Beekman
 
 v.
 
 Hatner, 15 Barb. 551 ; Phillips
 
 v.
 
 Bartlett, 9 Bos. 678. A complaint for goods sold and delivered need not aver that the claim remains due and unpaid; payment is an affirmative defence. Salisbury
 
 v.
 
 Stinson, 10 Hun 242.