Hilliard *v.* Austin.

---

## HILLIARD *vs.* AUSTIN.

After issue had been joined in a cause, before a justice of the peace, and the parties had met for the trial of the cause, the defendant insisted that the justice should decide a motion which had previously been made, that the complaint be dismissed, on the ground that it did not contain facts enough to constitute a cause of action. The justice granted the motion, without giving the plaintiff the right to amend. *Held* that in this decision the justice erred.

Where a collector of a school district levies upon property by virtue of a warrant duly issued by the trustees, for the collection of teacher's wages, he thereby acquires a special property in the goods levied on, and can maintain an action against any person concerned in removing them.

An agreement between the collector and a third person for the delivery of the property or the payment of the tax, is binding on the parties, and that liability is a sufficient consideration for a promise by such third person, after the property has been removed out of the reach of the collector, to pay the collector a specified sum upon the warrant, upon the collector's relinquishing his levy.

Such a promise is not within the statute of frauds; and the complaint need not state that it was in writing.

THIS was an appeal from a judgment of the Madison county court, reversing a judgment of a justice of the peace. In the justice's court the plaintiff complained as follows: That the plaintiff was, in the month of August, 1852, and still was, collector of school district No. 2, in the town of Brookfield, county of Madison ; that said district was a regular organized district, according to statute ; that on or about the 30th day of August,

1852, the plaintiff, by virtue of a warrant issued by the trustees of said district, levied upon a swarm of bees, hive and honey of the same, then in the possession of the defendant, as the property of one Stephen Clarke, for the purpose of collecting a rate bill for teacher's wages, against the said Clarke, as he was commanded by said warrant; that on the promise of said defendant, that the property so levied upon should be and remain safe until evening, when plaintiff might come and take the said property away, the property was left by the plaintiff in the possession of the defendant; that in the evening of the day on which the property was so levied upon, the plaintiff went after the said property, but found that the same had been taken and carried away out of the reach of the plaintiff; that the defendant was knowing to and privy to the removal of said property—was instrumental in, assisted, aided and abetted in said removal, and in carrying away of said property; and that the defendant, on being called upon by the plaintiff, did then and there undertake and promise and agree, in consideration of the plaintiff's relinquishing his levy on said property, to pay unto the said plaintiff the sum of four dollars, to be applied on said rate bill; that in consideration of said agreement the plaintiff relinquished his said levy; but that the defendant disregarding his obligation to pay said sum of four dollars, had not, though frequently requested, paid the same or any part thereof; wherefore, the plaintiff claimed damages $25, and costs of suit. The defendant asked the plaintiff if he relied on said subsequent promise and sued as collector, &c. The plaintiff replied that he did. The defendant then moved the court to set aside the complaint, on the ground that it did not set forth a cause of action, and that the plaintiff could not recover upon this subsequent promise. Question reserved by consent of parties to be raised at any subsequent time. The defendant answered and denied every allegation in the complaint, and set up some additional matters. The cause was then adjourned. On the day to which the cause was adjourned, the parties appeared before the justice and the defendant renewed the motion made on the joining of the issue. The justice granted the motion and dismissed the cause. Judgment

Hilliard v. Austin.

was entered against the plaintiff for costs, and the county court reversed the judgment.

*G. W. Gray*, for the appellant.

*S. B. Randall*, for the respondent.

*By the Court*, GRIDLEY, J. This case presents two questions for the decision of the court. *First*. Whether the mode of disposing of the cause in the court below, was a proper one, according to the provisions of the code, or a mode not warranted by law, and which deprived the plaintiff of rights secured to him by that instrument. *Second*. Whether the complaint was fatally defective.

I. The issue in the cause had been joined, and the parties had met for the trial of the cause on the day to which it stood adjourned. At this stage of the suit the defendant insisted on having a motion decided which he had previously made. The motion was that the complaint be dismissed, on the ground that it did not contain facts enough to constitute a cause of action. The justice granted the motion, without giving the plaintiff the right to amend. In this decision we think the justice erred. *First*. The ground on which the motion was made, was an objection to the complaint, which, under the former practice as well as the present, was properly taken on demurrer. It was a question arising on the *merits*, and not on any *irregularity*. It depended on the general principles of law and of pleading, and not on the rules of practice that prevailed in the courts of justices of the peace. If, however, we could overlook this error, in our desire to do substantial justice between the parties, yet the motion should not have been granted, without also giving the right to amend. The plaintiff should have all the rights accorded to him which he would have been entitled to, if the objection had been taken by demurrer. The sixty-fourth section of the code, subdivision sixth, prescribes a demurrer as the appropriate remedy for such a defect ; and subdivision seventh provides as follows : " If the court deem the objection well

founded, it *shall order the pleading to be amended ;* and if the party refuse to amend, the defective pleading shall be disregarded." The language of the code is imperative, and must apply to and control every case in which the defective pleading is susceptible of amendment. ( *Turch* v. *Richmond,* 13 *Barb.* 533.) The right to amend is to be incorporated in the order, inasmuch as parties who appear in justices' courts are not always acquainted with their rights, and might be ignorant of the necessity of asking for an amendment. The right to amend is, however, peremptory, and not discretionary. *Second.* The *time* of granting the dismissal was also erroneous. The parties had met to try the issue; and had the justice given the right to amend, as he should have done, the order would have resulted in a new issue, and the preparation for trial would have been lost. This would entail great inconvenience on parties ; and it would be far more conducive to the ends of justice that the rule should be inflexible, that no motion be entertained, which is a substitute for a demurrer, after the issue of fact has been joined, and the parties are ready with their witnesses for trial.

II. The complaint was not *fatally defective.* The plaintiff had a good and valid cause of action against the defendant, for taking away the hive of bees, after he had levied on them. By the levy the collector acquired a special property in the hive of bees, and could maintain an action against any person concerned in removing them, notwithstanding he had left them temporarily with the original owner. And an agreement between such officer and a third person for the delivery of the property or the payment of the debt, is binding on the parties. ( *Burrall* v. *Acker,* 23 *Wend.* 606 ; 21 *Id.* 605.) This liability, therefore, was a sufficient consideration for the defendant's promise. So that the case is not subject to any of the objections existing in *Armstrong* v. *Garrow,* (6 *Cowen,* 465 ; 1 *Id.* 46, *and* 13 *John.* 336.) It steers clear also, of the objections arising out of the statute of frauds. That act does not require the party to state in his complaint that the promise was in writing. The complaint, though not very artificially drawn, was, we think, good as containing facts enough to constitute a cause of action. If,

however, it was not, it was clearly amendable, and the right to amend should have been granted, instead of summarily dismissing the action.

Judgment of the county court affirmed.

[ONONDAGA GENERAL TERM, October 3, 1853. *Gridley, W. F. Allen, Hubbard* and *Pratt,* Justices.]