Ten Eyck agt. Houghtaling.

## SUPREME COURT.

BARENT TEN EYCK agt. THOMAS C. HOUGHTALING.

In an action for *rent due*, where there is a lease *under seal*, the plaintiff may elect to sue on the *covenant*, and thereby make the *covenant* his *cause of action*; or sue for the *debt*, (rent,) and by so doing make the *subsequent occupation* his *cause of action*.

And in the latter case, the lease under seal may be given in evidence to establish the relation of landlord and tenant, and to show the *amount* of the *debt*, even where the lease is not set out or referred to in the complaint.

The *Code* does not affect these questions, (which were the same at common law,) only so far as the *form* of bringing the actions are concerned—there not being any section that abolishes *causes of action*; nor, *it seems*, one that has been entirely able to *confound* them.

*Interest* is recoverable on rent due, in an action for use and occupation.

*Albany General Term, March,* 1856.

*Present,* HARRIS, WATSON and GOULD, *Justices.*

THIS was an action brought by the plaintiff against the de-

fendant for *use and occupation* of certain real estate, situated in
the town of Coeyman's, Albany county, N. Y. The defendant
took a lease from the plaintiff, under seal, for the term of five
years. The rent reserved, including the privilege of burning
certain firewood, specified in the case, was $50 per year. The
premises were occupied for five years under this lease, and for
two years after its expiration. Also for goods, wares, and
merchandise sold. The summons and complaint were served
on the 19th of March, 1855. The answer was duly served on
the 7th of April, 1855. The reply was served on the 2d of
May, 1855. The cause was, by an order, referred to Cyrus
Stevens, Esq., of Albany, sole referee, and was brought to
trial on the 14th of August, 1855. The referee, on the 25th
of August, 1855, reported in favor of the plaintiff $260.40.

The defendant excepted to the report on the following
grounds:—

1st. That said referee improperly and illegally held that said
plaintiff could recover, in an action for use and occupation, the
reserved rents in a written lease, under seal, between the par-
ties; and that said lease was good and conclusive evidence for
plaintiff in an action to recover the rents for the use and occu-
pation of the premises during the time specified in the lease,
and the amount therein specified, without said lease being set
out in the plaintiff's complaint, or without the fact that a writ-
ten lease, under seal, existed between the parties, being stated
therein.

2d. That said referee improperly and illegally found that
said defendant was indebted to said plaintiff in the sum of $30,
for the hay-press referred to in the evidence.

3d. That the amount found by the referee, as being due from
the defendant to the plaintiff, was against law, and the evidence
in the case.

4th. That the referee improperly and illegally found and
held, that said plaintiff was entitled to interest on the yearly
rent as it became due according to said lease.

5th. That the referee improperly and illegally held that said
defendant was, in law, bound to pay said plaintiff *fifty dollars*

Ten Eyck agt. Houghtaling.

*a year for the rent* of the said premises during the two years, from April 1st, 1851, to April 1st 1853. The lease having expired on the 1st of April, 1851.

On the 10th of September, 1855, judgment was entered on the report of the referee in favor of the plaintiff for $260.40, and interest from the date of said report. From said judgment the defendant appealed to this court.

LYMAN TREMAIN, *for appellant,* said,

1st. The action for use and occupation was not allowed at common law. It is only given by statute in cases where there is no sealed lease. (2 *R. S.* 3d ed. 32, § 26; 1 *Cow. Tr.* 3d ed. 174; 1 *Wendell,* 135; 7 *id.* 109; 1 *Denio,* 37; 13 *John.* 297; 3 *Denio,* 452; 2 *Barb.* 264.)

The Code does not affect the question. The fact constituting the cause of action is the *covenant to pay,* and not *the use and occupation*; and that *fact* is not set out in the complaint. In covenant, the demand is valid for twenty years, and the plaintiff would recover interest. In an action for use and occupation, the demand would be barred in six years, and the plaintiff could recover no interest, because the claim is for a "reasonable satisfaction," which is supposed to be unliquidated. If this pleading is allowed to prevail, all those substantial rules of pleading relating to covenant by lessor, or assignee of lessor, against lessee, or assignee of lessee, are of no avail, and the complaint no longer performs the office of giving notice of the facts constituting the cause of action.

2d. The referee erred in allowing interest upon the rents, in an action for use and occupation.

3d. The referee erred in allowing $10 a year for seven years for the use of *fuel,* such claim not being covered by a claim for use and occupation of land. [The fifth exception covers this point.]

4th. The referee erred in allowing $30 for hay-press. It was never delivered to, or taken by defendant. It was part of the realty. It was in possession of one Sherwood, who used

the timber thereof, and the only evidence against the defendant was a loose declaration that he had bought it.

AMASA J. PARKER, *for respondent*, said,

1st. An action for use and occupation is founded upon a *contract*, express or implied, between the parties. (1 *Tenn. R.* 378 ; 2 *Saund. Pl.* 889—*marginal paging.*) It lies only when the relation of landlord and tenant exists. (15 *Barb.* 36—HAND, J., *and cases cited; 7 id.* 203—ALLEN, J.) Assumpsit for *use and occupation* of land by permission and assent of the plaintiff, on an *express promise* to pay a *certain sum*, lies at common law, independently of the statute of 2 Geo. II, ch. 19. (3 *Stark. Ev.* 1512, *note* (1). The plaintiff could recover in assumpsit for use and occupation, notwithstanding an agreement by deed, provided it contained no words of present demise. (3 *Stark. Ev.* 1512, *note* (3); 4 *Esp. c.* 59; *Peake's Ev.* 254.) In this case, the CONTRACT *is alleged truly and denied by the answer*. It is not stated, however, whether the contract was in *writing* or *under seal*, nor was that necessary.

Even under the old practice it was never necessary to allege a contract to be in writing. In *State of Indiana* agt. *Woram*, (6 *Hill*, 36,) BRONSON, J., says, " It has long been settled, that the declaration need not allege that the agreement *was in writing, it is matter of evidence.*" (*Van Sandtvoord's Pleadings*, 2d *ed.*, 266, 329.) An allegation that the *contract was in writing*, was not necessary, even on a promise otherwise within the statute of frauds. (15 *John.* 425 ; 6 *Hill*, 33 ; 15 *Barb.* 365 ; 17 *id.* 141.)

All the parts of the contract which were material were *alleged* and *denied*, and were proved. If any part of the contract material to the defence was omitted, the defendant should have set it up in his answer. But under a denial of what is truly alleged, he cannot exclude proof of the contract as alleged. The plaintiff sought to gain no advantage, and could gain none, by omitting to say, in his complaint, that the contract was in writing and under seal. It was done because there were *seven*

Ten Eyck agt. Houghtaling.

years' occupation of the farm, *five* under the *writing*, and *two* more by *parol;* and it simplified the matter to complain for the whole together.

The plaintiff conceals nothing. He introduces the lease, thus showing the whole matter just as it was. Nothing is excluded which the defendant might desire to have received. It is true, under the old practice, a lease *under seal* could not support a declaration for *use and occupation.* But the reason was that the action being *assumpsit* could not be sustained by proof of a *covenant,* and this was the *only* reason.

Now, forms of action are abolished, (*Code,* § 69,) and previous *forms* of pleadings are abolished. (*Code,* § 140.) All that is required now, in all cases, is a plain and concise statement of facts. (*Code,* § 142. *sub.* 2.) Even under the old practice, if a *special agreement had been performed* (as in this case,) the balance due could be recovered on the *common counts, if the special contract had not been under seal.* (2 *Kern.* 370, *and cases there cited.*)

And the only reason why it could not be done, if the special contract was under seal, was because *covenant* would not support an action of *assumpsit.*

*That reason no longer exists—all forms of action being abolished.* There is now but *one form of action.* (*Code,* § 69.)

If the complaint was not sufficiently definite, the only remedy was by motion to ask the court to require the plaintiff to make it so, before answering. (*Code,* § 160.)

I deny that here was any *variance* between the complaint and the proof. But concede it, for a moment, to be so, would any judge have hesitated for a moment, *at the circuit,* to allow an amendment on the spot, there being no surprise, and both parties coming as they did, fully prepared to try the cause on its merits? The court would be clearly bound to do so. (*See Code,* §§ 169, 173.)

By § 173, it is made the duty of the court, even after judgment, to amend a pleading, "*by inserting other allegations material to the case.*" And no variance is to be deemed material unless "it have actually misled the adverse party to his preju-

dice in maintaining his action or defence upon the merits."
(*Code*, § 169.)

No one will pretend that the defendant is misled or preju-
diced in this case. A variance not material is always to be
disregarded. But here was no *variance.* The substance of the
contract was alleged : that is, the use of the farm, and the
agreement to pay for it. It was no longer necessary to state
whether the contract was or was not *under seal,* because *that
fact would no longer control the form of action,* and that fact was
no part of the terms of the agreement. It could neither increase
nor lessen to the extent of a single cent the sum defendant was
liable to pay.

2d. Interest on the rent was properly allowed. BRONSON,
J., says, " We have finally reached the conclusion, that a man
who breaks his contract to pay a debt, whether the payment
was to be made in money or anything else, shall indemnify the
creditor, so far as that can be done, by adding interest to the
amount of damage he has sustained by the breach." (*Van Rens-
selaer* agt. *Jewett,* 2 *Com.* 135.) A computation will show that
all defendant paid was credited and only interest allowed on
the balance.

3d. The proof is abundant to support every item allowed by
the referee. The only error he committed was against us, in
allowing defendant's books as evidence. But we do not com-
plain of that. We ask that judgment be affirmed.

By the court—GOULD, Justice. Had this case been decided
on the argument ; or on the points made, and authorities cited,
to the court, I should certainly have held, that where there *is*
a *sealed covenant* there is neither the necessity nor the power of
*implying any* contract ; inasmuch as to imply one *different* from
the sealed one, would be to *contradict* the contract made by the
parties ; and to imply one the *same* as the sealed one would be
needlessly absurd. And, of course, it would have been decided
that the *sealed covenant* to pay rent is *itself the cause of action;*
as, in *covenant* for rent, it was not necessary to allege (or prove)
even an *entry* (by lessee) on the premises, or any occupation at

Ten Eyck agt. Houghtailing.

all; "for, though he *neither enters* nor *occupies*, he must pay the rent; it being due *by the lease* or contract, and *not by the occupation*." (1 *Saund. Rep.* 203, *note* 1.)

But it so happens that an action for *rent accrued*, (and that only where a party elected to bring *debt* for it, and *not covenant*,) was, at common law, a case, and the *only* case, in which, where there was a contract under seal, a plaintiff could declare generally, and produce his deed in support of such declaration. (1 *New Rep.* 109.) In this very case, however, it is decided that, where there was a contract by deed, it was "absurd to contend that the *action* is *not founded* on a deed, because if there had been no deed, the action might well have been maintained without it."

The *reason* for this distinction, however, is not to be found in the authorities I have cited. But in *Gould's Pleading*, pp. 310, 311, (*Chap.* 6, *Part I*, §§ 11, 13,) it is distinctly set forth, in showing why "*nil debet*" is a good plea to an action of *debt* for rent due on a deed of lease. The deed is said, then, to be pleaded only as *inducement* to the action; "the *subsequent occupation* of the defendant, under the demise, is the *gist* of the action; *because* rent is considered as a *profit, issuing out of land;* and when it is sued for, as a *debt,* the law considers the debt as arising out of the *receipt of the issues and profits* by the tenant, and not from the *deed*."

This opens a way for applying the provisions of the *Code* to the case at bar. For, were this case of rent due, *not* the *exception,* and the only one, to the rule, that *the covenant is the cause of action* so absolutely that you must *declare on it;* it would be in vain to attempt to apply § 69 as having *abolished forms of action;* or § 140 as having *abolished forms of pleading:* there *not* being any section that *abolishes causes of action;* or one that has been entirely able to *confound* them. But since, (for the reason above quoted,) a plaintiff may elect, in such a case, to sue *on* the *covenant,* and by so doing make *the covenant* his *cause* of action; or to sue for the *debt,* and by so doing make the "*subsequent occupation*" his *cause* of action—"the *gist* of the action")—and since, in this case, he *has* sued for

the *debt*, thus *making the subsequent occupation his cause of action*, it must be decided that he has well pleaded *a* cause of action; and that being entitled so to plead *this* cause of action, the *evidence* was *adapted* to the pleading, and the proof of the sealed lease was of *no* effect, in the way of making a variance from the complaint, or for any purpose except to establish the relation of landlord and tenant, and to show the *amount* of the *debt;* and for these purposes it was proper.

As to the allowance of *interest*, I am not disposed to set aside the report for that reason. Where money has been really due, the party unjustly withholding it *ought* always to pay interest. And nothing but a positive and inflexible rule would compel me to decide to excuse him from it. So far from there being any such rule applicable to this case, the law is well settled in accordance with the referee's decision. (2 *Com.* 135.)

I have been unable to find, in the case, anything to warrant the allowance, for the last two years, of the ten dollars (in each year) for *fuel* used, as there is *no* proof that, for those years, the defendant used the fuel; and his agreement to pay for it did not apply to those years, *unless* he used it.

As to the hay-press, (were *I* to find a fact,) I should certainly prefer to have more evidence, and clearer, to satisfy me of its actual sale; especially as it is entirely clear that the defendant never *actually* took possession of any part of it; nor was it even on his premises. There is no *justice* in this allowance; it is not equitable; and I doubt its strict legality; (*see* 3 *Hill*, 141;) as plaintiff declared for it as "*sold and delivered*."

I should order a new trial, unless the plaintiff reduce his judgment, by deducting the two items for fuel, of $10 each, and interest, and the $30 and interest allowed for hay-press.