### GLASSE *a*. KEULSEN.

*New York Common Pleas ; General Term, April,* 1856.

JUSTICE'S COURT.—DEMURRER.

On demurrer to the complaint in an action in a justice's court, the court, if it deems the objection well taken, should order the pleading to be amended ; and if it is not amended, should disregard it.

A justice has no power to pronounce judgment on a demurrer without such order.

Appeal from a judgment of a justice of a district court.

BRADY, J.—The complaint united causes of action for trespass on the premises of the plaintiff by the defendant's wife,— abuse and maltreatment and slander of the plaintiff's wife by the defendant's wife,—and also assault and battery of the wife of the plaintiff by defendant's wife.

The defendants answered by a general denial, and without withdrawing the answer, demurred to the complaint for the union of several causes of action improperly. The plaintiff objected to this mode of proceeding, but the court below overruled the objection. The plaintiff then offered to amend the complaint by striking out so much of it as related to damages for injury to the person of plaintiff's wife, but the court refused to permit the amendment, and gave judgment for the defendants on the demurrer.

The defendant cannot answer and demur to the same matter of a pleading, nor to the whole pleading, (Slocum *v.* Wheeler,

4 *How. Pr. R.*, 373; Spellman *v.* Weider, 5 *Ib.*, 5 ; Munn *v.* Barnum, 1 *Abbott*, 281), but if an answer and demurrer are put in, the practice is to move that the party elect which shall be retained. Neither can be treated as a nullity. (*Cases supra.*) In this case no motion was made that plaintiffs elect, but the party did in fact elect to have the demurrer determined, and judgment was rendered upon it in his favor, as stated above. The practice of receiving answer and demurrer to the same matter should not be encouraged, and the rule requiring an election should be enforced in justice's courts in all cases, whether on motion of the plaintiff or of the justice, before a trial occurs.

The demurrer was well interposed. The justice had no jurisdiction of the assault and battery, or of the abuse of the plaintiff's wife by calling her ill and vile names, (*Code*, § 54). But the judgment upon the demurrer was wrong.

When a demurrer is interposed in a justice's court, " if the court deem the objection well founded, it shall order the pleading to be amended, and if the party refuse to amend, the defective pleading shall be disregarded." (*Code*, § 64.) But the court has no power to pronounce judgment at once without directing the amendment as required by the section just referred to ; which applies to the district courts of this city. (*Code*, § 68). And for this reason the judgment must be reversed.

The offer of the plaintiff to amend, was not broad enough to remove the objection to the pleading. If the allegations relating to the assault and battery, slander, abuse and maltreatment had been stricken out of the complaint, it would have presented enough to give the court jurisdiction, although it would have presented at the same time the melancholy relic of a complaint so defectively drawn as to require severe mutilation.

Judgment reversed.