## SUPERIOR COURT.

### CHARLES GRAHAM agt. FREDERICK W. CAMMAN.

Upon the question of the sufficiency of a *complaint*, where a demurrer is interposed under the 6th sub. of § 144 of the Code, the true and beneficial rule is well stated in *Richards* agt. *Edich*, (17 *Barb*. 260,) and will be so regarded in this court. That a demurrer under the 6th sub. applies only to such defects as would render the count bad on general demurrer at law, or bad for want of equity in chancery.

The complaint, therefore, to be overthrown by such demurrer, must present defects so substantial in their nature, and so fatal in their character, as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever.

Where the demurrer admits facts enough to constitute a cause of action, the complaint will be sustained; and if the defendant requires a greater degree of certainty than is found in the complaint, he must seek his relief by a motion under the Code, that the pleading be made more definite and certain.

*General Term, Nov.,* 1856.

APPEAL from order of special term, overruling a demurrer to the complaint.

> MR. BOOTH, *for plaintiff.*
> MR. ROBINSON, *for defendant.*

By the court—HOFFMAN, Justice. The complaint was as follows :—

That the defendant, on the 10th of May, 1855, became, and was indebted to the plaintiff in the sum of $446.25, upon a balance of an account stated, and then due and owing to this plaintiff; and which the said defendant then and there agreed and promised to pay, but that he has neglected and refused to pay the same, except the sum of $150 paid by him to the plaintiff on the 22d of August, 1855, on account of the aforesaid balance of indebtedness. And further, that the defendant remains indebted to the plaintiff in the sum of $296.25, with

Graham agt. Camman.

interest, &c. For that amount, and costs, judgment is demanded.

A general demurrer was served, that the complaint did not state facts sufficient to constitute a cause of action.

We think the complaint, although loosely drawn, may, upon general demurrer, be treated as stating, substantially, that on the 10th of May, 1855, an account was stated between the plaintiff and defendant; and that upon such statement a balance of $446.25 was found due to the plaintiff from the defendant. A promise to pay this balance is averred, a payment of $150 on account, a refusal to pay the rest, and an allegation that the residue, viz., $296.25, is now justly due from the defendant.

This case cannot be well distinguished from that of *Cudlip* agt. *Whipple* in this court, (1 *Abbott's Rep.* 106.) The difference is only in the omission to state the nature of the items of the account, viz., for money paid, laid out and expended. It was not alleged that the account had been stated. That case was decided upon *Allen* agt. *Patterson*, (3 *Seld.* 496,) holding that a complaint in an action for the recovery of goods sold, substantially in the old form of a declaration in *indebitatus assumpsit*, was good under the Code.

The old form of a declaration on an account stated is found in 2 *Chitty's Plg.* 90. It was—

"That, whereas the defendant had, on, &c., at, &c., ac-counted with the plaintiff of and concerning divers sums of money from the defendant to the plaintiff before that time due and owing, and then in arrear and unpaid; and upon such ac-counting the said defendant was then and there found in arrear and indebted to the plaintiff in the sum of $ , and thereupon, being so indebted he promised to pay, &c."

It is obvious that the 6th subdivision of the 144th section of the Code, as to demurrers, has been framed from the form of the general demurrer at common law, or in equity. Such must have gone to the whole cause of action, and be for matter of substance, not of form. (*See Chitty on Pleading*, 664, *and cases.*)

In *Richards* agt. *Beairs*, (28 *Eng. L. & Eq. Rep.* 157,) the

question was under the 50th section of the common law procedure act, which is substantially the same as the 6th subdivision referred to.   The court say, that the question was, whether the declaration would have been good upon general demurrer before the act, and it was held bad upon that ground. COMPTON, J., said, "If we are to hold pleadings good where the parties do not choose to say what they mean, we should be getting into the region of ambiguity and uncertainty, which would be a worse evil than that which the statute intended to remedy."

The rule was well stated in *Richards* agt. *Edich*, (17 *Barb.* 260.)   A demurrer under the 6th subdivision applies only to such defects as would render the count bad on general demurrer at law, or bad for want of equity in chancery.   The complaint, therefore, to be overthrown by such a demurrer, must present defects so substantial in their nature, and so fatal in their character, as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever.   Where the demurrer admits facts enough to constitute a cause of action, the complaint will be sustained; and if the defendant requires a greater degree of certainty than is found in the complaint, he must seek his relief by a motion under the Code, that the pleading be made more certain and definite.

We consider the rule, as thus stated, to be a true and beneficial one; and it is so to be regarded in this court.

The order of the special term, overruling the demurrer, must be affirmed, with costs.

Approved by WOODRUFF and BOSWORTH, Justices.