## BETTS *a.* BACHE.

*New York Superior Court; Special Term, April,* 1862.
*Again, at General Term, June,* 1862.

PLEADING.—FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.
—COMPLAINT IN ACTION TO RECOVER MONEY LOST BY BETTING
OR GAMING.

*It seems,* that a charge of receiving the plaintiff's money contrary to the statute
of betting and gaming, with the statement of other circumstances necessary to
make it definite and certain, is a sufficient statement of facts constituting a
cause of action.

The form of declaration allowed by 2 Rev. Stat., 347, § 1, in actions of debt to re-
cover any money, goods, or things, received by any person contrary to the pro-
visions of any statute, is not objectionable under the Code for not containing
facts sufficient to constitute a cause of action.

A complaint which avers "that the defendant received the sum of $1813.47 be-
longing to, or on account of, the plaintiff, and which is now due him," states facts
sufficient to constitute a cause of action.

I. *April,* 1862.—Demurrer to the complaint.

This action was brought by Frederick F. Betts, against John
H. Bache, to recover $1813.47 alleged to have been lost by bet-
ting and gaming. The complaint alleged, that on or about the
1st day of October, 1861, the defendant received the sum of
$1813.47, belonging to, or on account of the plaintiff, and which
is now due him, contrary to the provisions of the statute against
betting and gaming, and claimed judgment therefor. To this
the defendant demurred, on the ground that it did not state facts
sufficient to constitute a cause of action.

*George C. Barrett,* in support of the demurrer.

*Daniel M. Porter,* opposed.

ROBERTSON, J.—This is an action to recover money lost by
betting and gaming. The complaint alleges that about the 1st
of October, 1861, the defendant received a certain sum of
money belonging to or on account of the plaintiff, and which is

now due him, " contrary to the provisions of the statute against betting and gaming." To this a demurrer is put in, assigning as grounds therefor that it does not state facts sufficient to constitute a cause of action.

The Revised Statutes provide (2 *Rev. Stat.*, 352, § 2), that " if an action of assumpsit be brought for money received contrary to the provisions of any statute, it shall be sufficient . . . to allege . . . that the same was received contrary to the provisions of such statute referring to the same, as prescribed in the last section." In that section (§ 1), it is provided that " if an action of debt" be brought for money, goods, or other thing so received, it shall be sufficient " to allege that the defendant, &c., was indebted" in such sum or the value of such goods, " whereby an action has accrued to the plaintiff according to the provisions of such statute, naming the subject thereof in the following form, to wit, " according to the provisions of the statute against betting and gaming," or in some other general terms referring to such statute. By § 140 of the Code, all forms of pleading theretofore existing were abolished, and thereafter forms of pleading, and the rules to determine the sufficiency of pleadings, were required to be such as were prescribed by that act. This is contained in the second part of the Code. By § 471 of the Code, it was declared that such part should " not affect existing statutory provisions relating to actions not inconsistent with that act, and in substance applicable to the actions thereby provided." The 142d section of the Code provides that the complaint shall contain " a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition."

In the case of Morehouse *a.* Crilley (8 *How. Pr.*, 431), it was held that the form of complaint prescribed by the Revised Statutes, in case of an action for a penalty, was bad, because it was abolished by § 140 of the Code. In the case of the Bank of Genesee *a.* Patchin Bank (13 *N. Y.*, 309), the Court of Appeals held that the provision of the Revised Statutes dispensing with proof of the existence of a corporation in a trial in an action brought by one (2 *Rev. Stat.*, 458, § 3), was not repealed by the Code. In that case, DENIO, J., after referring to §§ 140 and 471 of the Code, and the object of the provision in question, says: " There are the same reasons of

Betts *a.* Bache.

convenience for it now which existed under the former system, and it does not conflict with any particular provision of the Code, and therefore remains in force." In the case of People *a.* Bennett (5 *Abbotts' Pr.*, 384), the Supreme Court held that in an action for a penalty, § 140 of the Code had not repealed the provisions of the Revised Statutes respecting such actions, which are contained in chapter eight of the third part of the Revised Statutes, because such chapter is expressly exempted from the effect of the Code by § 471; and that the decision in Morehouse *a.* Crilley (*supra*) was made in consequence of overlooking such express exemption. In several cases it has been held that the Code has not repealed the provisions respecting pleadings in actions against corporations. (Bank of Waterville *a.* Beltser, 13 *How. Pr.*, 270; Johnson *a.* Kemp, 11 *Ib.*, 186; Union Mut. Ins. Co. *a.* Osgood, 1 *Duer*, 707.)

The question in this case, therefore, is, whether the form of declaring prescribed in the Revised Statutes is not a plain and concise statement of the facts constituting the cause of action in this case; and this stands entirely aloof from the question whether it is sufficiently definite and certain. Whether times, places, amounts, persons, contingencies, and events are sufficiently described to notify the defendant of the identity of the transaction aimed at, is to be determined by a different mode of proceeding: that raises the question of degree in regard to the plainness of the statement, as a motion to strike out redundant matter does as to its conciseness; but the question under consideration is, whether a charge of a receipt of certain of the plaintiff's money contrary· to the provisions of a particular statute specified therein is not a statement of facts constituting a cause of action, and the statute allowing such a form is not in substance applicable to a provision requiring such a statement. The authors of the Code, undoubtedly, meant only to require parties in their pleadings to show generally that they had a good cause of action, unless the adverse party complained of not being sufficiently notified of the particular transaction; the remedy for the first defect being a demurrer, and the second a motion.

What constitutes the "facts" required by the Code to be stated in a pleading is still unsettled. It has been held, both that facts may be stated according to their legal effect (Boyce

*a.* Brown, 7 *Barb.*, 80 ; Coggill *a.* Am. Ex. Bank, 1 *N. Y.*, 113), or as they exist. (Ives *a.* Humphreys, 1 *E. D. Smith,* 196.) It was held that a party should have pleaded payment, where he pleaded facts from which the law presumed it (Pattison *a.* Taylor, 1 *Code R.*, *N. S.*, 174); and a promise, instead of the facts from which the law implied it. (Hall *a.* Southmayd, 15 *Barb.*, 32, 35.) In Cady *a.* Allen (22 *Barb.*, 388), it was held that there were certain allegations of law and fact mixed, which left it to the pleader's option to state the facts, or the conclusion as to the mode by which a judgment becomes a lien on real estate, or the ownership or title to property. It has been held not necessary to state a contract within the Statute of Frauds to be in writing. (Livingston *a.* Smith, 14 *How. Pr.*, 490; Hilliard *a.* Austin, 17 *Barb.*, 141.) A statement that a party was indebted on a balance of account stated and due, which he promised to pay, was held sufficient. (Graham *a.* Camman, 13 *How. Pr.*, 360.) A party may still sue for use and occupation, notwithstanding the existence of a sealed lease. (Ten Eyck *a.* Houghtaling, 12 *How. Pr.*, 523.)

It would seem, therefore, that a charge of receiving the plaintiff's money contrary to the statute of betting and gaming, with the statement of any other circumstances necessary to make it definite and certain, such as time, amount, and person, and the like, would be a sufficient statement of facts constituting the cause of action, without stating the particular contingency on which the money was staked, or other details, at least on an objection which only raises the question that nothing was stated from which the court could perceive there was a cause of action. I think, too, that the provision of the Revised Statutes allowing such a general form of declaring was, in substance, applicable to the actions permitted by the Code ; the circumstances of secrecy attendant upon illegality, and sometimes confusion accompanying the loss of money on real or pretended wagers, might often render it impossible for a party to describe minutely the particular mode or contingency on which a wager was lost; the law therefore, in such cases, allowed such a general form of describing the occasion and mode of the fraud ; and the same reason prevails with double force under a system which permits more accurate information to be called for when necessary.

I cannot, therefore, doubt that the form prescribed by the Revised Statutes is such a plain statement of the facts constituting a cause of action, as not to be, under the Code, objectionable for not containing facts sufficient to constitute such cause; and that, if indefiniteness prevails, it is to be amended by motion, not on demurrer.

It is true the provisions of the Revised Statutes preserve the distinction of forms of actions in debt and assumpsit, but this, in fact, affects the substance; because debt is brought for penalties by the party injured, or for money lost by an informer, while assumpsit was only maintainable by the party injured to recover back his own money; and this distinction is observed in the two prescribed forms: that in case of debt, requiring the plaintiff to state an indebtedness by which an action has accrued; and that in case of assumpsit, permitting the aggrieved party to declare for money of his received.

The demurrer must be overruled, with costs, and judgment for the plaintiff, with liberty to the defendant to amend on payment of such costs.

---

II. *June,* 1862.—Appeal from the order overruling the demurrer.

From the order of the special term, the defendant took an appeal to the general term.

*George C. Barrett,* for the appellant.—I. This is not an action for a statutory penalty excepted from the operation of § 140 of the Code by § 471 (People *a.* Bennett, 5 *Abbotts' Pr.,* 384): it is merely a right of action given to one individual against another, by statute. (1 *Rev. Stat.,* 662, §§ 8, 9.) Section 471 of the Code does not apply to such action.

II. It is not excepted by the additional provision of § 471, saving statutory provisions not inconsistent with the Code; for rules respecting "pleadings and set-offs." 2 Rev. Stat., 347, § 1, are plainly inconsistent with the Code. Section 140 abolished " all forms of pleading heretofore existing."

III. Bank of Genesee *a.* Patchin Bank (13 *N. Y.,* 309) is not adverse. That was one of the cases excepted by the Code, § 471. Even there the court deemed it necessary to show that such exception was not inconsistent with the provisions of the Code.

1. The pleading in that case was good under the Code. 2. Here the fundamental requirement of a complaint under the Code, viz., a concise statement of the facts constituting a cause of ac tion, is wanting.

IV. The Code contains within itself provisions for all cases in which its rules are to be relaxed (*Code* §§ 161–164.)

V. The plaintiff has not even followed with precision the form which he attempted to adopt.

VI. Judged under the Code, the complaint is bad. It must be remembered that before the enactment of 2 Rev. Stat., 347, § 1, the declaration, in actions for penalties, was bad unless the special matter was set forth. (People *a.* Brooks, 4 *Den.*, 469; Cole *a.* Smith, 4 *Johns.*, 193; Bigelow *a.* Johnson, 13 *Ib.*, 428; Collins *a.* Ragrew, 15 *Ib.*, 5.) We submit that the court below was in error in confusing "facts" with "legal conclusions."

VII. The doctrine of legal conclusions, if sustained, will reduce the system of pleading to great simplicity. The plaintiff will state that he has been wronged "contrary to law," and is enti tled to judgment "according to law"

VIII. The two systems, the Code and the Statute, cannot be mingled to sustain the complaint. It must be judged by one or the other; it is bad under each.

*Daniel M. Porter*, for the respondent.—I. The complaint is sufficient in form and substance. It shows that the defendant received money belonging to or on account of the plaintiff, which is now due the plaintiff, showing a present right to the money so received. The old money counts are good under the Code. (Adams *a.* Holley, 12 *How. Pr.*, 326; Allen *a.* Patterson, 7 *N. Y.*, 476; Sloman *a.* Schmidt, 8 *Abbotts' Pr.*, 5.) O'Maley *a.* Reese (6 *Barb.*, 658) decides that the general count for money had and received is good in a case like the present. This com plaint differs from the one in Lienan *a.* Lincoln (2 *Duer*, 670), as it avers the money to be " due" the plaintiff, *i. e.*, " payable." (See Allen *a.* Patterson, 7 *N. Y.*, 476.) If the defendant wished the complaint to point out the particulars how the money was received, &c., he could move to make definite, or demand a bill of particulars.

II. The form adopted is authorized by 2 Rev. Stat., 352, § 2. This statute is not inconsistent with the Code: it defines what

shall be the legal facts necessary to be pleaded, leaving the form of action regulated by the Code; that is, the facts stated in the complaint must be taken as stating sufficiently a cause of action. (People a. Bennett, 5 *Abbotts' Pr.*, 384; Bank of Genesee a. Patchin Bank, 13 *N. Y.*, 309.)

By the Court.*—Moncrief, J.—The Code requires a "plain and concise statement of the facts constituting a cause of action" to be contained in a complaint. (*Code*, 120, § 142.) In my opinion this complaint, under the decisions in Cudlipp a. Whipple (4 *Duer*, 610), Allen a. Patterson (7 *N. Y.*, 476), and Keteltas a. Myers (19 *Ib.*, 231), is a compliance with and satisfies the requirement of the Code upon general demurrer. If it be true "that the defendant received the sum of $1813.47, belonging to or on account of the plaintiff, and which is now due him," and the defendant by his demurrer admits it to be true, the plaintiff is entitled to judgment against the defendant for that amount. The further, and in this regard superfluous, averment that it was "contrary to the provisions of the statute against betting and gaming" will not vitiate the complaint. The order overruling the demurrer, &c., is correct, and must be affirmed with costs. As it was suggested that the defendant has a defence, upon presenting a proper case to be permitted to put in an answer at the time of settling this order, leave may then be given to withdraw the demurrer and answer.

Order affirmed.

---

## BIRKBECK a. STAFFORD.

*Supreme Court, Second District; General Term, May,* 1862.

Liability of Attorney for Sheriff's Fees.—Official Certificates.—Managing Clerk.—Assignability of Claim for Sheriff's Fees.

The attorney is liable to the sheriff, for fees on process delivered to him for execution.

In an action by a sheriff to recover his fees for the execution of a warrant of at-

---

* Present, Bosworth, Ch. J., Moncrief, Robertson, Barbour, and Monell, JJ.