Brady, J.
Assuming the complaint to be sound, and that the various expositions by Judge Daly are correct in reference to the law governing complaints in actions of this character, nevertheless the Code, § 160, applies to them. It has been held (Betts v. Bache, 14 Abb. Pr., 279) that a' complaint framed as suggested by Judge Daly is deficient in certainty; and the court, per Robebtsow, J., says “ The authors of the Code un- “ 'doubtedly intended to require parties in their pleadings to “show generally that they had a good cause of action punless “ the adverse party complained of not being sufficiently ntiti- ■ “ fied of the particular transaction, the remedy for the first “ being by a demurrer, and the second by a motion.” I understand that case to be a clear intimation that the court would, in such an actibn as this, upon a general allegation of the loss of money contrary to the provisions of the statute against gaming and betting, require the plaintiff to be more definite iii the statement of his claim. The remedy sought does not affect the form of the complaint, and therefore it is not perhaps necessary to consider the sufficiency of that paper as to the cause of action itself. The question is whether it should be made more definite’ and certain, and I think, as there are two sections of the statute differing, in their legal effect, and the remedies provided, the plaintiff should be required, when called upon, to make his complaint more definite and certain, if the cause of action as stated may include claims under both those sections. If the plaintiff is unable to comply with the order of the court, it may be modified on a proper application.
I concur, therefore, with Judge C-aedozo, that the order of the special term should be reversed.
Order reversed.