ALBERT C. MIDDELSTADT *vs.* JAMES MCINTYRE.

Submitted on briefs Oct. 3, 1893.  Reversed Oct. 18, 1893.

No. 8308.

**Practice in Justice's Court.**

In Justice's Court practice it is error for the Justice to dismiss an action for defects in the complaint without first ordering an amendment of the pleading.

Appeal by plaintiff, Albert C. Middlestadt, from a judgment of the District Court of Hennepin County, *William Lochren*, J., entered January 18, 1893.

On October 11, 1892, plaintiff commenced this action in a Justice's Court in Minneapolis against defendant, James McIntyre, to recover $10.88 which he claimed defendant had received from Hall & Ducey

Lumber Co. for plaintiff's use and benefit. On the return day, October 19, 1892, defendant appeared and moved to dismiss the action on the ground that the complaint did not state facts sufficient to constitute a cause of action. The motion was granted and judgment rendered in favor of defendant for $2 costs.

Plaintiff appealed to the District Court on questions of law alone. After argument, the judgment of the Justice was there affirmed with costs, $14.23. From that judgment plaintiff took this appeal.

*A. C. Middlestadt, pro se.*

*McHale & Abell,* for respondent.

VANDERBURGH, J. This action was brought in Justice's Court. A complaint in writing was filed with the Justice, and, before answering, the defendant appeared, and moved to dismiss the action, on the ground that the complaint did not state facts sufficient to constitute a cause of action, which motion was summarily granted, and judgment was thereupon rendered for the defendant.

The granting of this motion is assigned as error, on the ground that the procedure was unauthorized by the statute regulating the practice in Justice's Court.

We think the point is well taken. The statute (1878 G. S. ch. 65, § 33) provides that "either party may object to the pleading of his adversary * * * that it contains no cause of action or defense. If the court deems the objection well founded, it shall order the pleading to be amended." The court had no authority to order or render judgment without directing an amendment as the statute requires. The pleading was clearly bad, but it was the duty of the Justice, in his order disposing of defendant's objection to it, to order it to be amended. This was the only course open to him under the statute, the object of which is undoubtedly to prevent the summary disposition of cases in justice's court for defects in pleading without opportunity for amendment and a trial upon the merits. *Hilliard* v. *Austin,* 17 Barb. 141. Here the case was within the jurisdiction of the Justice, and we should hardly be warranted in holding that the complaint could not be amended, by the addition or substitution of allegations, so as to state a cause of action. *Glasse* v. *Keulsen,* 3 Abb. Pr. 101.

For the error referred to, the judgment must be reversed, but no costs should be allowed in this court.

Judgment reversed, and case remanded.

(Opinion published 56 N. W. Rep. 464.)