BARRETT MFG. CO. v. SERGEANT et al.

(Supreme Court, Appellate Division, First Department.   February 2, 1912.)

1. PLEADING (§ 52*)—COMPLAINT—SEPARATE CAUSES OF ACTION.
   The complaint alleged that between April 12, 1904, and April 16, 1908, plaintiff purchased from defendant a stock of paper for manufacture, which was delivered in car load lots, and defendant represented to plaintiff that he had delivered to plaintiff material to the amount of 30,000,000 pounds and that it was of the quality designated when billed, but that such representations were knowingly false and made with intent to defraud plaintiff; that it relied upon them, and was thereby induced to pay defendant the sum of $222,000 for the materials, when their value was not more than $120,000, to plaintiff's damage. *Held*, that the complaint alleged a large number of causes of action, involving separate sales and misrepresentations, so that defendant was entitled to have the causes of action separately stated and numbered.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

2. PLEADING (§ 367*)—MOTION TO MAKE DEFINITE.
   If the complaint only alleged one transaction, and hence one cause of action, defendant was entitled to have it made more definite and certain, so as to clearly allege the claim set up.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

3. PLEADING (§ 317*)—BILL OF PARTICULARS.
   If the complaint, when made more definite, clearly shows but one contract of sale, the unusual character of the transaction authorizes the granting of a bill of particulars, so as to show the various items of material sold, etc.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by the Barrett Manufacturing Company against Jessie V. Sergeant and another. From an order granting a motion for a bill of particulars, plaintiff appeals; and from an order denying a motion to make the complaint more definite, and to separately state and number the causes of action, the defendant named appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Niles & Johnson (W. W. Niles, of counsel), for plaintiff.
Wilder, Ewen & Patterson (John Ewen, of counsel), for defendant.

CLARKE, J.   The complaint alleges that plaintiff is a foreign corporation and defendants are copartners; that between April 12, 1904, and April 16, 1908, plaintiff bought from defendants, and defendants by their agents delivered to plaintiff, certain material, to wit, stock for the manufacture of paper, which deliveries were made in car load lots; on information and belief, that the defendants represented to plaintiff that the defendants had delivered materials as aforesaid to the plaintiff to the amount of 30,717,848 pounds, and that the materials so delivered were of the quality by which they were designated when

billed to plaintiff; that the said representations were false, and were known by defendants to be false when made, and were made with intent to deceive and defraud the plaintiff; that plaintiff believed and relied upon said false and fraudulent representations, and was thereby induced to and did pay to the defendants the sum of $222,242.41 for the said materials so represented to have been delivered; that the value of the materials which were actually delivered was not more than $120,000, and that the value of the materials which were actually delivered was $102,242.41 less than it would have been if defendants' said representations as to the amount and quality of materials had been true; and asked judgment for that amount.

The defendants, before answer, and under section 768 of the Code of Civil Procedure, as amended by chapter 763 of the Laws of 1911, providing that "the party making a motion may, in the notice thereof, specify one or more kinds of relief in the alternative or otherwise," made a motion: (1) That the plaintiff be required to make its complaint more definite and certain, by separately setting forth and specifying as to whether it is claimed that but one sale was covered and but one representation made during the period between April 12, 1904, and April 16, 1908, or, if more than one sale and delivery was made during that period, the date of each representation and of each sale and delivery, the quantity and materials covered by each delivery, the character of the materials, the shortage in weight claimed upon each such delivery, the character of the differences in quality where claimed, and the damage claimed on each delivery on account of inferior quality; (2) to separately state each cause of action covered by the complaint; (3) to furnish a bill of particulars showing the particulars of the claim in the enumerated respects.

The court denied the first two branches of the relief sought, holding that the complaint may properly be taken to allege one cause of action with sufficient definiteness, and granted the motion for a bill of particulars. Both sides appeal.

The propriety and usefulness of the new Code provision permitting motions for several kinds of relief are demonstrated by these papers. It is quite evident, upon the face of the complaint and from the affidavits of the moving party, which sets up that defendants were mere middlemen, that, the first transaction having occurred over eight years ago and the mutual dealings having extended over a number of years and involved a large number of separate shipments, the defendant is entitled to some one of the reliefs asked for. I think that it is apparent that a large number of causes of action have been united in one allegation, and that there could not have been one sale, or one set of fraudulent misrepresentations. The defendants claim that they are entitled to set up against many of these causes of action the statute of limitations and against others the defense of accord and satisfaction; that this they are quite unable to do, unless the complaint is put in proper shape.

[1, 2] If I am right, and a series of separate transactions are embraced within the allegations of this complaint, then undoubtedly each such transaction constitutes a separate cause of action, and the motion of the defendant to compel the plaintiff to separately state and number

such causes of action should have been granted. If, on the other hand, the plaintiff intends to claim that there was but one transaction, and that the delivery of this enormous quantity of material of upwards of 30,000,000 pounds, which extended over a period of upwards of four years, was the result of one sale, preceded or accompanied by false and fraudulent representations, why then the motion to make the complaint more definite and certain, so as to clearly allege said claim, should have been granted.

[3] A bill of particulars is rarely granted before answer, and only under special and unusual circumstances. The complaint should certainly be made more definite and certain. If it should then appear that separate contracts of purchase and sale are sued upon, they must be separately stated and numbered, and will contain the particulars required by the motion made for that purpose, and there will be no need for a bill of particulars in addition thereto before answer. If, however, the complaint, when made more definite and certain, should clearly show that but one contract is sued upon, then we are of opinion that the transaction is of that peculiar and unusual character which warrants the granting of an order for a bill of particulars. As both parties have appealed, this court is enabled to apply the new remedy provided in the amended section of the Code referred to supra.

The order appealed from should be modified, to provide that the plaintiff make its complaint more definite and certain in the respects referred to, and, if there be more than one contract sued on, to separately state and number its several causes of action, and, as so modified, affirmed, with $10 costs and disbursements to the defendant. All concur.