GEORGE ROYLE and Others, Respondents, *v.* GEORGE H. McLAUGHLIN, Appellant.

First Department, February 4, 1921.

Pleadings — when allegations of complaint indefinite and uncertain — action for price of goods sold — failure to allege date of sale as making complaint indefinite and uncertain — relief by bill of particulars not equivalent to order to make definite and certain — purpose of bill of particulars.

On a motion to make a complaint more definite and certain the question is whether one or more of the allegations are so indefinite or uncertain that the precise meaning or application thereof is not apparent.

In an action for the price of goods sold, the failure to allege the date or dates on which the goods were sold makes the allegation indefinite and

uncertain within the meaning of section 546 of the Code of Civil Procedure.

Since it may be that if the date or dates of sale were alleged the Statute of Limitations would apply to one or all the causes of action, a bill of particulars would not furnish the defendant with the information to which he is entitled.

Furthermore, a bill of particulars is seldom granted before answer and its office is to limit evidence and not to supply defects in pleading.

APPEAL by the defendant, George H. McLaughlin, from an order of the Supreme Court, made at the. New. York Special Term and entered in the office of the clerk of the county of New York on the 13th day of December, 1920, denying defendant's motion to make the complaint more definite and certain.

*John J. Cunneen,* for the appellant.

*Henry Abelson* of counsel [*Hays, Hershfield & Wolf,* attorneys], for the respondents.

PAGE, J.:

The complaint after the allegation as to the parties states: " That heretofore the plaintiffs, at the special instance and request of the defendant, sold and delivered to the defendant goods, wares and merchandise of the agreed price and reasonable value of $8,321.27. * * * That no part thereof has been paid, although payment thereof has been duly demanded, except the defendant is entitled to a credit of $72.60 for merchandise returned, leaving a balance of $8,248.67 due, owing and unpaid from the defendant to the plaintiffs." Judgment is demanded for said sum with interest.

It is well settled that this form of a complaint, which is similar to one of the common counts in a declaration of the common-law pleading, satisfies the requirement of section 481 of the Code of Civil Procedure (Code Proc. § 142) that the complaint shall contain: " A plain and concise statement of the facts constituting each cause of action without unnecessary repetition." (*Allen* v. *Patterson,* 7 N. Y. 476, 478.) Therefore, this complaint would survive a demurrer for insufficiency. That, however, is not the question presented by a motion to make definite and certain under section 546 of the Code of Civil Procedure. On demurrer for insufficiency

the defects must be so substantial in their nature and so fatal in character as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever. If the defendant requires a greater degree of certainty than is found in the complaint, he must move that the complaint be made definite and certain. (*Graham* v. *Camman,* 5 Duer, 697, 699.) On such a motion the question is, are one or more of the allegations contained in the complaint so indefinite or uncertain that the precise meaning or application thereof is not apparent.

In my opinion, the failure to allege a date or dates upon which the goods were sold makes the allegation indefinite and uncertain within the purview of section 546. It does not definitely appear whether this was a contract for sale that was executed by a single delivery, or whether there were several separate and distinct contracts, the aggregate value of which amounted to $8,321.27. If this should be the case, then each transaction would constitute a separate cause of action, and should be separately stated and numbered (Code Civ. Proc. § 483), and the defendant might have different defenses to the various causes of action. It may be that if the date or dates were alleged, the Statute of Limitations would be a bar that the defendant could plead to the entire cause or to one or more of the causes of action. (*Barrett Mfg. Co.* v. *Sergeant,* 149 App. Div. 1, 4.) For these reasons a bill of particulars would not furnish the defendant with the information to which he is entitled. Bills of particulars are seldom ordered before answer, and it is their office to limit evidence and not to supply defects in pleading. Before the defendant is required to answer he should be advised certainly of the facts which plaintiffs allege as the cause of action against him.

For these reasons the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.