NEW YORK,
May, 1826.

Elmendorf
v.
Lansing.

ELMENDORF and OTHERS, executors, &c. of *Van Rensselaer, against* ABRAHAM G. LANSING, impleaded with others.

The executors of V. divided certain moneys, stock and securities of their testator into two parts ; and on petition of certain legatees claiming one part, the court of chancery made a decretal order in a suit wherein the executors, petitioners and others were parties, that the executors should assign that part to L. for the use of the legatees, L. first giving a bond with two sureties,

DEBT on bond in the penalty of $54,832. The pleadings were conducted between the parties to a rebutter, to which the plaintiffs demurred generally, and the defendant, A. G. Lansing, joined in demurrer. For the purpose of the legal questions decided by the court, the pleadings and points are stated in their opinion.

*B. F. Butler* and *S. A. Foot,* in support of the demurrer.

*A. Van Vechten,* contra.

*Curia,* per WOODWORTH, J. This action was commenced on a bond, given by the defendant as one of the sureties of Sanders Lansing.

The question to be decided is, whether, on the facts disclosed by the pleadings, the defendant is liable.

On the 29th of July, 1812, a decretal order of the court of chancery was entered, in a cause wherein Gerrit Y. Lansing and wife were complainants ; and the now plaintiffs

that when required by order or decree, he should account for that part ; and if that, or any portion of it should be decreed to any parties other than the petitioners, or those whose interest they represented, he should pay what he might have received to such parties, &c. as should be designated by order or decree. Accordingly, L. with two sureties gave bond to the executors, which, instead of being conditioned " to pay to such parties, &c. as should be designated by order or decree," was, " to pay to such person or persons as then were, or thereafter should be designated by order or decree, &c. according to the true intent and meaning of the decretal order, or any other order or decree of the said court, touching or concerning the promises." The executors brought a suit upon this bond against one of the sureties, wherein it appeared upon the pleadings, that an order of the court of chancery had been made that L. should pay a certain balance of the part assigned to him to the register of the court of chancery, for the use of his *cestui que trust ;* and that he had not complied with this rder. *Held,* that this was not a breach of the bond to the executors ; that this bond was no wider than the decretal order under which it was executed ; that it was intended merely to indemnify the executors, not the *cestuis que trust;* and the former showing no damage to themselves, no action would lie.

and others, devisees and legatees of Jeremiah Van Rensselaer, deceased, were defendants.

NEW YORK
May, 1826.

Elmendorf
v.
Lansing.

The order was made on the petition of the plaintiffs and Sanders Lansing, and others, some of the defendants. The present plaintiffs, in their answer in that cause, alleged that, in pursuance of the will of the deceased, they had divided certain portions of his personal property into two equal parts; and had assigned one portion to Peter Van Rensselaer and others; and the other portion to Sanders Lansing and others.

The petitioners stated that the portion alleged to have been assigned to them, had been retained in the hands of the executors; that they were willing, and then offered to accept the moneys, stock and securities alleged to have been assigned for their share; and to give such security as the court should deem reasonable; and prayed that the portion should be assigned and delivered to Sanders Lansing for their use, if they should be deemed, on the final hearing of the cause, entitled to it; and if not, to be accounted for and paid according to the decree. The chief justice, sitting as chancellor, ordered the executors to make the assignment; but that Sanders Lansing should first give bond with two sureties, that he should, at all times, when thereunto required by any order or decree of the court of chancery, faithfully account for the money, stock and securities received by him; and if the same, or any part thereof, should be decreed to be paid to any other of the said parties than the petitioners, or those whose interest they represented, in every such case, he should pay such sum or sums received, or which might have been received without his wilful default, to such of the said parties, or their representatives, as should be designated and appointed for that purpose, by such order or decree.

In pursuance of this decree, the appointment was made; and the defendant, as one of the sureties of Sanders Lansing, executed the bond in question; the condition of which corresponds with the order of the court, excepting in this: instead of saying "to pay to such of the parties or their representatives as should be designated and appointed for that purpose, by such order or decree;" the condition is, "to

pay to such person or persons as then were, or thereafter should be designated and appointed, by any order or decree of the court of chancery, according to the true intent and meaning of the decretal order, or any other order or decree of the said court, touching or concerning the premises."

Although the conclusion is expressed in more general terms than the order which directed security to be given ; yet, it is evident that nothing more was, or could be legally demanded of Sanders Lansing, than to satisfy the requirements of the decree.  The bond and decree are in *pari materia,* and must be construed together.  The petitioners stated that they were willing to give such security as the court should deem reasonable.  The court has prescribed the form of the security.  Unless, therefore, the expressions in the conclusion of the bond, show clearly and distinctly that something more is provided for than the order directs, I think the construction ought to be controlled by the decretal order.  It appears to me there is no difficulty in reconciling the one to the other.  They speak the same language.  When the bond requires Sanders Lansing *to pay to such person or persons as then were or thereafter should be designated,* it evidently refers to that part of the decree, which provides for the payment of so much as should be decreed to be paid " to any other of the said parties than the petitioners, or those whose interest they represented."  Such a construction is also required by the reference in the condition.  After the specification of what is to be done, the whole is qualified, " *according to the true intent and meaning of the said recited decretal order.*"  It is true, the words are added, " *or any other order or decree of the said court of chancery touching or concerning the premises ;*" but they do not enlarge the liability.  The words seem to be unnecessary ; and are expletives merely.  They cannot, I apprehend, intend that Sanders Lansing should pay to persons not contemplated by the parties, and not designated in the order.  They can only refer to such orders as might be made, consistently with that directing the transfer, and the manner in which security should be given.  Besides ; it is a well established rule of construction, that after an enumeration of particulars, general words

shall be restrained and limited in their operation to the particulars specified.

The liability, then, of the defendant, will depend on the fact, whether the condition required by the decretal order has been broken. In collecting the intent of the parties, it may be observed that the plaintiffs in this cause had no other interest or concern, than for the protection of themselves. It was possible, that eventually, there would be a deficiency of assets, to satisfy creditors and legatees ; or the amount transferred might turn out to be more than the petitioners were entitled to under the will. It was, therefore, proper, and the case required, that security should be given to account with the executors, and pay over what might be decreed by the court. But to whom ? The decretal order answers the question. Sanders Lansing was to pay, if any part should be decreed to be paid to any other of the said parties than the petitioners. The allegation in the plea, now in question is, that this has not been done. Until such decree is made, there is no liability on the bond. Neither the intent, nor the words of the condition, will warrant a different construction. The sole object of the petitioners seems to have been, to get the property out of the hands of the executors. They pray, that it may be assigned to Sanders Lansing, for their use; and offer to give such security as shall be deemed reasonable ; which evidently means such security as would protect the executors, in case any claim should afterwards be established against them ; not security that the trustee should be faithful to the individual interest of the petitioners. As far as that was concerned, they reposed themselves upon his fidelity. So we are bound to presume; for no intimation is given to the contrary. This must have been the light in which the court considered the application ; for the security directed to be given is in coincidence with this intent. The executors have sustained no damages. Sanders Lansing was not their trustee. No decree has been made directing payment to any other parties, in the chancery cause, other than the petitioners. The allegation, therefore, in the plea is, in my opinion, a conclusive bar to the plaintiff's action.

The replication, setting forth a decretal order of the court of chancery to pay to the register a balance of $10,268 29 due from Sanders Lansing to his *cestuis que trust,* which he had not obeyed, does not avoid or falsify the plea ; for, if the view taken of the nature and extent of the liability incurred be correct, it follows that the breaches assigned in the replication, which are mere breaches of trust as between Sanders Lansing and his *cestuis que trust,* are not within the condition of the bond.

The rejoinder fortifies and supports the plea, by setting out, at length, the petition, decretal order, master's report and proceedings ; and concludes with an averment, that the balance of $10,268 29, received by Sanders Lansing, hath not been decreed to any other parties to the suit mentioned in the decretal order, than the petitioners.

The surrejoinder sets out new matter in support of the replication, viz. that Sanders Lansing confessed a judgment in favour of John Lansing, junior, one of the sureties ; and that in the specification, one item set forth is, that the judgment was given, among other things, to secure J. Lansing junior, and Abraham G. Lansing, being sureties of Sanders Lansing, in the bond in question in this cause, conditioned for the faithful performance of a trust assumed by the said Sanders Lansing ; and that afterwards John Lansing, junior confessed a judgment in favour of Abraham G. Lansing ; and that in the specification filed it is set forth, that a part of the consideration of the judgment is the equal moiety of the sum of $7000, due on a joint bond executed by J. Lansing, junior, and Abraham G. Lansing, to the plaintiffs, conditioned that Sanders Lansing should account for the proceeds of certain stock, securities and property of Van Rensselaer, the testator, which were placed in his hands for distribution.

This new matter does not change the complexion of the case. It was, perhaps, known that Sanders Lansing was in failing circumstances. His sureties might, or might not become liable. It was a cautionary measure on their part ; a transaction between sureties and principal. It neither diminished nor enlarged their responsibility to the plaintiffs ; for the plain reason that it was an arrangement with which

they had no concern.   If it be conceded that the parties acted under an impression and belief that they were liable when, in judgment of law, they were not, I am not acquainted with any principle which will admit a plaintiff to avail himself of such a recognition, to extend the legal operation of a contract.

The rebutter sets out the specifications *in hœc verba ;* and concludes with a verification, to which the plaintiffs demur, and the defendant joins in demurrer.

My conclusion is, that no breach of the condition has been shown ; and consequently, that the defendant is entitled to judgment.

Judgment for the defendant.