(16 Misc. Rep. 45.)

### STEWART v. ARENDT.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

VENDOR AND PURCHASER—CONTRACT—INTERPRETATION.

Where the general provision of a contract for the sale of land states the consideration to be a certain sum, and the terms of the contract, which, in explanation of the method of payment, are expressly definite and particular, show that the consideration is greater than such sum, the latter terms control.

Appeal from First district court.

Action by John Stewart against Simon Arendt to recover for money had and received. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McADAM and BISCHOFF, JJ.

Daniel P. Mahony, for appellant.
Howard A. Sperry, for respondent.

BISCHOFF, J. In form, the action is for the recovery of money paid under a mutual mistake of the parties as to the requirements of a contract for the exchange of real property. The claim involved no question touching a reformation of the contract, and the action may perhaps be taken as one for money had and received, since the fact of any mutual mistake was certainly refuted by the defendant. For argument, then, we so view the cause of action, bearing in mind the informal method of pleading and procedure obtaining in the dis-

trict courts.    The plaintiff was awarded by the court below the difference between $108,000 and $108,235, on account of the transaction in question; the contract in evidence showing that the first-named sum was expressed as the consideration, but was to be payable in different steps, as thereafter expressly provided.    These provisions called for an exchange of properties "at an estimated value," and the reciprocal assumption of certain mortgages, together with the payment of interest and taxes upon the properties respectively exchanged.    That the difference between these expenses and the amount stated as the consideration was represented by the amount in suit, is not in controversy; but that, under the exact terms of the contract, this difference was chargeable against the plaintiff, is also apparent, unless the general statement that the consideration was $108,000 should be held to control.    Treating the question as one of law, however, as we should, in view of the contravention of the possible mutual mistake, and upon the statement made by the justice below that any evidence contradicting the contract would be disregarded, it appears that the issue is actually whether the general provision of the contract that the consideration was $108,000 should overweigh those terms which, in explanation of the method of payment, were expressly definite and particular; and it is elementary that, where the parties have definitely particularized the terms of the contract, an apparently inconsistent general statement in the same regard must yield.    Elmendorf v. Lansing, 5 Cow. 468.    There was no question of fraud in the case, and, failing any mutual mistake, the question was merely as to the proper interpretation of the contract, upon general principles, aside from any inquiry into the jurisdiction of the court below to entertain the action.

Judgment reversed, with costs.    A new trial is not ordered, since, upon the contract in evidence, recovery by the plaintiff in this action is impossible.