(54 App. Div. 54.)

## SANGER v. MINER.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

BONDS—CONSTRUCTION—ACTION FOR BREACH.
　　Defendant, with others, executed a bond to plaintiff in consideration that the latter would not apply for a receiver in an action then pending, wherein he was plaintiff and one of the obligors defendant, said bond being conditioned for the payment of any judgment which might ultimately be recovered by plaintiff in the action within 30 days after the entry

thereof, "or, if an appeal from such judgment be taken, * * * and security for the payment thereof be duly given, as required by law, to stay execution, and an undertaking on appeal be given as required by law, then within 30 days after the termination of such appeal." Plaintiff recovered a judgment in excess of the amount of the bond, from which the defendant therein appealed, securing, against the opposition of plaintiff, a limitation of the amount of security to stay execution, as provided by Code Civ. Proc. § 1312, to a sum less than the amount of the judgment. The judgment was ultimately affirmed, and plaintiff collected the amount of the undertaking given on appeal, and brought the present action to recover the unpaid balance of the judgment on the bond signed by defendant. *Held*, that the limitation of the amount of the bond given on the appeal, although it deprived defendant of a security against which otherwise he would have had a remedy over, being in conformity with the "requirement of law," and not having been procured by plaintiff, constituted no defense to such action, whether defendant be regarded as a principal or merely a surety on the bond.

Appeal from trial term, New York county.

Action by Frank W. Sanger against Henry C. Miner. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Treadwell Cleveland (William V. Rowe, on the brief), for appellant. Almon Goodwin, for respondent.

WOODWARD, J. In the month of March, 1898, an action was pending in the supreme court wherein Frank W. Sanger was the plaintiff and one Thomas Henry French was defendant, to declare the said Sanger a partner with the said French in the production of the play known as "Little Lord Fauntleroy," and for an accounting with respect to the profits of the said drama, and for a receiver, and for other relief. The plaintiff was about to make a motion for the appointment of a receiver pendente lite, and, for the purpose of avoiding this, the said French, together with Albert M. Palmer and Henry C. Miner, the defendant in the present action, gave to the said Sanger a joint and several bond in the sum of $50,000. The bond recited the pendency of the action and its character, the fact that it had been agreed that the motion for a receiver should not be made, and that pending the trial the profits of the drama should be retained by said French, in consideration of the giving of the bond. The bond was conditioned as follows:

"Now, therefore, the condition of the above obligation is such that, if the above-bounden obligors shall well and truly, and within thirty days after the entry of final judgment in favor of said Sanger upon the trial of this action, or, if an appeal from such judgment be taken to the general term or court of appeals, and security for the payment thereof be duly given as required by law to stay execution, and an undertaking on appeal be given as required by law, then within thirty days after the termination of such appeal, render unto the said Frank W. Sanger a just and full account of all the costs, expenses, disbursements, and profits arising from the production of the said drama 'Little Lord Fauntleroy' in any city or cities of the United States or Canada, and shall pay to the said Sanger the amount found due to him upon said accounting in this action, then this obligation to be void; else to remain in full force and virtue."

There can be no doubt that the obligors in this bond, in consideration of the plaintiff refraining from making the motion for a receiver,

undertook to guaranty to the plaintiff that at the end of the litigation, conducted according to the rules laid down in the law, he should be paid "the amount found due to him upon said accounting in this action." The defendant's counsel, by a process of reasoning carried to a length which compels acknowledgment of its seriousness, insists that this result must be defeated, because of certain intervening facts, which will now be considered.

Upon the trial of the action between Sanger and French a judgment was entered upon the report of a referee in favor of the plaintiff for something over $60,000, which, with the costs and disbursements, aggregated $68,185.13, and it was directed that the plaintiff have execution therefor. At this time, the defendant failing to pay the judgment within 30 days, and the obligors of the bond not having done so, there can be no doubt that the plaintiff in the present action was in a position to maintain an action against the defendant, Miner, whether we regard him in the light of a joint obligor or as a surety, unless an appeal from such judgment should "be taken to the general term or court of appeals, and security for the payment thereof be duly given as required by law to stay execution, and an undertaking on appeal be given as required by law." The plaintiff owed no duty of action. He had his judgment, and, unless it was appealed from in the manner prescribed by law, he could collect from the obligors of the bond. An appeal was taken to the general term, the defendant in that action, French, having in the meantime by motion (notice of which was served on the plaintiff, by whom it was opposed) secured a limitation of the amount of the security to stay execution to $50,000, as provided by section 1312 of the Code of Civil Procedure. On this appeal the judgment was reversed, and a new trial ordered, but, on the plaintiff appealing to the court of appeals, the judgment of the general term was reversed, and the judgment of the special term was affirmed. Plaintiff has recovered the amount of the bond given on the appeal, and the present action is brought to recover the balance due to him under the original judgment, with the costs which have since accumulated. The action has resulted in a judgment in favor of the plaintiff for the full amount claimed, and from this judgment appeal comes to this court upon the questions of law raised by the exceptions to the findings of fact and conclusions of law.

The contention of the defendant, as stated in his motion to dismiss the complaint, and which is relied upon on this appeal, is "that the plaintiff has made out no cause of action, and especially on the ground that, as appears by the evidence put in, the condition of this bond in suit was never complied with." In other words, the defendant complains that the limitation of the amount of the security to $50,000 on a judgment for over $68,000, without the consent of the defendant, was in fact an alteration of the terms of the bond, depriving him of security against which he would have had a remedy over. We have examined with care the authorities cited in support of this contention, but none of them is applicable to the facts in this case.

"The liability of a surety," to quote the language of the court in Savings Inst. v. Young, 161 N. Y. 23, 30, 55 N. E. 484, "is measured by his agreement, and is not to be extended by construction. His contract, how-

ever, is to be interpreted by the same rules which are applicable to the construction of other contracts. The extent of his obligation must be determined from the language employed when read in the light of the. circumstances surrounding the transaction. Hence, where the question is as to the interpretation and meaning of the language by which a party has bound himself, there is no difference between the contract of a surety and that of a principal, or other party sustaining a different.relation. It is when the intention of the parties has been thus ascertained that the principle of strictissimi juris applies, and then it is that the courts guard the rights of the surety, and protect him against a liability which is not strictly within the terms. of his contract."

Tried by this rule, the defendant can have no standing on this appeal. The plaintiff in this action had brought an action against Mr. French, and was intending to ask for a receiver. With this state of affairs confronting them, the defendant in this action joined with Mr. French and another in a bond, for the purpose of avoiding a receivership. This bond, conceding that it may be ambiguous, is to be construed most strongly against the obligors, for it is their promise. "This, certainly, should be the rule to the extent that the creditor has in good faith acted upon and given credit to the supposed intent of the surety." Belloni v. Freeborn, 63 N. Y. 383, 388. By any fair reading of the bond, in the light of these circumstances, the plaintiff agreed on his part to forego making any motion for a receiver, or to embarrass Mr. French by demanding that the money derived from the production of the play should be tied up pending the litigation, while the obligors of the bond promised that when the litigation should be determined, whether upon a final judgment at the trial, or after an appeal to the general term or the court of appeals, the plaintiff should be paid the amount of the judgment. If the plaintiff did not voluntarily waive any of the conditions of the bond,—and the evidence shows that he did not,—the defendant is clearly liable in this action. There was nothing in the conditions of the bond, or in the circumstances which surrounded its making, which called upon the plaintiff to take any action in reference to the securities to be given on appeal. He agreed to refrain from pursuing all of his legal remedies upon condition that the defendant, with the other obligors of the bond, should guaranty the payment of the final judgment, "or, if an appeal from such judgment be taken to the general term or court of appeals, and security for the payment thereof be duly given as required by law to stay execution, and an undertaking on appeal be given as required by law, then within thirty days after the termination of such appeal" the amount found due was to be paid. This was the promise of the obligors, and it was for them to elect whether to pay upon the final judgment, or after the appeals had according to the rules laid down in the law. To permit the defendant to take advantage of the wrong, if wrong it be, to proceed under the provisions of the Code of Civil Procedure in securing a reduction of the amount of the security, would be for the courts to sanction a fraud upon the plaintiff. The plaintiff, not having consented to the reduction of the security, is entitled to the protection which the bond of the defendant was intended to secure, and the judgment of the court below should be affirmed.

The judgment appealed from should be affirmed, with costs. All concur.