AMERICAN EXCHANGE NAT. BANK v. GOUBERT et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1909.)

1. INJUNCTION (§ 148*)—INJUNCTION BOND—CONSTRUCTION.

In an action to recover stock, plaintiff obtained an injunction restraining the transfer of the stock by defendant, and the injunction order required plaintiff to file an undertaking agreeing to indemnify defendant from all damage, loss, etc., and as security for the amount of indebtedness claimed to be due defendant and for which it claimed to hold the stock as collateral.   The undertaking given in reciting the conditions omitted the word "and" contained in the order before the words "as security for," etc.   The undertaking recited that it was given pursuant to the order.   *Held*, that the undertaking was to be construed as if the word "and" were inserted therein.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 328; Dec. Dig. § 148.*]

2. INJUNCTION (§ 148*)—INJUNCTION BOND—SCOPE OF UNDERTAKING.

Code Civ. Proc. § 620, provides that, where special provision is not made for security to be given on an injunction, the applicant must give an undertaking to the effect that he will pay to the party enjoined such damages as he may sustain by reason of the injunction.   *Held*, that where, in an action to recover corporate stock held by defendant, plaintiff obtained an injunction restraining transfer of the stock, the court had authority to require plaintiff's bond to be conditioned to pay the indebtedness claimed to be due by defendant, and for which it claimed to hold the stock as collateral.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 328; Dec. Dig. § 148.*]

3. APPEAL AND ERROR (§ 909*)—PRESUMPTIONS.

Where the facts on which the trial court ordered an injunction are not contained in the record on appeal, it will be presumed that they were sufficient to authorize the court to require the conditions in the undertaking given by plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

4. INJUNCTION (§ 235*)—INJUNCTION BOND—LIABILITY OF SURETY.

Where the principal in an injunction bond had the benefit of the injunction order and accepted the terms imposed as to the conditions of the undertaking, both principal and surety are bound thereby.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 529; Dec. Dig. § 235.*]

5. INJUNCTION (§ 235*)—INJUNCTION BOND—LIABILITY OF SURETY—ACCRUAL OF LIABILITY.

Liability on an injunction bond accrued on the dismissal of the complaint in the injunction suit.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 534; Dec. Dig. § 235.*]

6. INJUNCTION (§ 244*)—INJUNCTION BOND—DAMAGES.

Code Civ. Proc. § 623, provides that damages sustained by an injunction may be determined by the court or referee or otherwise as the court shall direct, and that the decision shall be conclusive.   Section 625 provides that, where the damages have been ascertained as previously prescribed, any person entitled to the benefit of an undertaking may bring an action thereon.   Plaintiff sued to recover corporate stock, and obtained an injunction restraining its transfer, and the undertaking given by plaintiff was conditioned to pay damages and as security for the indebtedness claimed to be due to defendant and for which it claimed to hold the stock

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as collateral. *Held,* that defendant was entitled to maintain an action on the bond without first having damages assessed under section 623, since the court had no authority to determine the amount of the indebtedness as security for which defendant held the stock, and he was not obliged ·to apply for the assessment of part of his damages under section 623.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 561; Dec. Dig. § 244.*]

7. PLEADING (§ 8*)—ALLEGATIONS—CONCLUSIONS AND FACTS.

Code Civ. Proc. § 534, provides that, where a cause of action is founded on an instrument for the payment of money, a party may set forth a copy . of the instrument, and state that there is due to him thereon a specified sum. *Held* that, except in a case where the action is on an instrument as provided for in the statute, an allegation that defendant is indebted to plaintiff in a certain sum of money is a mere conclusion, and is not aided by allegations that the indebtedness is over a certain credit or that security is held therefor.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 15; Dec. Dig. § 8.*]

8. PLEADING (§ 214*)—DEMURRER—FACTS ADMITTED.

Conclusions of law are not admitted by a demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 527; Dec. Dig. § 214.*]

Appeal from Special Term, New York County.

Action by the American Exchange National Bank against Auguste A. Goubert and another. Appeal by plaintiff from a judgment sustaining a demurrer to the complaint. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Joseph M. Hartfield, for appellant.

George E. Morgan, for respondents.

LAUGHLIN, J. The plaintiff attempted in the complaint to allege two separate causes of action. The first count is on an undertaking given by the defendant Goubert, as principal, and the defendant surety company, as surety, in an action in the Supreme Court by Goubert against the plaintiff to recover 100—stated in order pursuant to which undertaking was given to be 400—shares of the capital stock and the certificate therefor of the Goubert Manufacturing Company which the defendant in that action, the plaintiff in this, claimed to hold as collateral security for the payment of certain indebtedness from Goubert to it. During the pendency of that action the plaintiff therein applied, on notice, for an injunction order, restraining the defendant therein from selling, transferring, or in any manner disposing of the stock. Affidavits were read in opposition to the motion, and the court made an order granting the application "only upon condition that the plaintiff, within 10 days from the date hereof, file an undertaking, with sureties to be approved by this court, in the sum of one thousand five hundred ($1,500) dollars, agreeing to indemnify and hold the defendant, the American Exchange National Bank, harmless from any and all damage, interest, cost, or other expenses by reason of, or growing out of, the issuance or continuance of the injunction, and as security for the amount of indebtedness claimed to be due to the defendant,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and for which it claims to hold said certificate of stock as collateral."
The order further provided that unless the plaintiff gave such under-
taking within 10 days, with sureties approved by the court, and
served the same with notice of allowance thereof upon the attorney for
the defendant, "that this motion be in all respects denied." The un-
dertaking in question was thereupon given pursuant to that order, but
in reciting the condition of the undertaking the word "and" contained
in the order before the words "as security for the amount of indebted-
ness" was omitted. The undertaking, however, recites, in effect, that
it was given pursuant to said order. We are of opinion, therefore,
that the undertaking is to be construed in the light of the order, the
same as if the word "and" were inserted therein. Sonneborn v. Lib-
bey, 102 N. Y. 539, 550, 7 N. E. 813; Elmendorf v. Lansing, 5 Cow.
468; Ryan v. Webb, 39 Hun, 435; Waldron v. Willard, 17 N. Y.
466; Sanger v. Miner, 54 App. Div. 54, 66 N. Y. Supp. 282.

The learned counsel for the respondents contends that, even though
the undertaking should be construed with the order, still it should be
regarded as a statutory undertaking, given pursuant to the provisions
of section 620 of the Code of Civil Procedure, and that the provision
of the undertaking to the effect that it is given as security for the in-
debtedness should be regarded as surplusage. This claim is made upon
the theory that, on an application for an injunction, the court is pow-
erless to require any undertaking other than that required by the stat-
ute, and the case of Palmer v. Foley, 71 N. Y. 106, is cited as author-
ity therefor. That decision merely states the general rule that statu-
tory undertakings must conform to the statute, and the case of Bein
v. Heath, 12 How. 168, 13 L. Ed. 939, which relates to the authority
of the federal courts in requiring undertakings, is therein cited, but it
is not controlling here. Of course, where the court merely grants an
injunction and fixes the amount of the undertaking, the statute pre-
scribes the form of the undertaking, but a party is not entitled to a
temporary injunction as matter of right, at least not in all cases, and
it is competent for the court to grant or withhold the injunction in its
discretion. The facts presented to the court upon which the order
was granted are not contained in the record, and it must be assumed
that they were sufficient to authorize the court to require the under-
taking in this form, if it was competent for the court in any case to
require such an undertaking. We are of opinion that in a proper case
the court may require, as a condition of granting an injunction, that
the party who asks for it shall give an undertaking to pay the claim
made against him by the adverse party, and which may be affected by
the injunction. Such evidently was the intention of the court in the
case at bar. The principal has had the benefit of the injunction order,
and, having accepted the terms imposed by the court, both principal
and surety are bound. Goodwin v. Bunzl, 6 Civ. Proc. R. 226. It
has been finally determined by a dismissal of the complaint in the oth-
er action that the plaintiff therein was not entitled to the injunction,
and therefore a liability on the undertaking has accrued.

It is also contended that it was incumbent on the plaintiff to show
an assessment of his damages pursuant to the provisions of section 623
of the Code of Civil Procedure before an action can be maintained

therefor by virtue of the provisions of section 625 of the same Code. In this case, however, the court had no authority, pursuant to the provisions of those sections of the Code, to determine the amount of the indebtedness as security for which the plaintiff held the stock. The undertaking is something more than a statutory undertaking, and created a liability enforceable pursuant to the principles of the common law. Toles v. Adee, 84 N. Y. 223; Ryan v. Webb, supra; Goodwin v. Bunzl, supra.

The amount of the indebtedness to secure which the undertaking was given has not been judicially determined. It is therefore necessary for the plaintiff to establish it in this action. The allegation of the first count of the complaint with respect thereto is:

"That the amount of indebtedness for which said stock was originally deposited was the sum of $2,800, with interest from September 1, 1906, subject to a credit of $251.16 paid October 3, 1906."

We are of opinion that this allegation is, in effect, a legal conclusion with respect to the indebtedness, and does not state the facts upon which the conclusion is based. Manifestly a complaint that the defendant is indebted to the plaintiff in a certain sum of money unless the action is based on an instrument in writing for the payment of money, in which case this form of pleading if the instrument be set forth is perhaps authorized. (Code Civ. Proc. § 534), would be insufficient, and such a complaint is not aided by the fact that it is alleged that this indebtedness is over and above a certain credit, or that security was held therefor, or that such security has been applied on the indebtedness, and leaves a specified balance. Abbott's Trial Brief on Pleadings, §§ 273, 915; Bailey v. Richmond, 49 N. Y. Super. Ct. 519; Tate v. American Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678; Sampson v. Grand Rapids School Co., 55 App. Div. 163, 66 N. Y. Supp. 815. If it had been alleged that the indebtedness was for goods sold and delivered, a contract obligation would have been sufficiently stated (Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542), but here no fact is stated, and the plaintiff may be proceeding on an entirely erroneous view of the law in stating that defendant Goubert is indebted to it.

Inasmuch as conclusions of law are not admitted by demurrer, we are of opinion that the first cause of action for the reasons stated is insufficient.

The second cause of action is equally defective. It purports to be for the damages sustained in interest, costs, and other expenses to which the plaintiff has been put in consequence of the injunction order. The plaintiff fails to allege the amount of any of these items, other than by stating that the defendants "are indebted to the plaintiff in the sum of $1,500 therefor." The second cause of action, therefore, is likewise insufficient. Whether the plaintiff could in any event maintain an action on the undertaking, if it were a simple statutory undertaking on granting an injunction without having its damages assessed pursuant to the provisions of the Code of Civil Procedure, need not be decided, for we are of opinion that the total liability on the undertaking may be determined in this action, and that the plaintiff was not

obliged to apply to the court to have part of the damages assessed pursuant to the provisions of the Code of Civil Procedure, and then bring separate actions.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs, but with leave to appellant to amend his complaint on payment of the costs of this appeal and of the demurrer.

INGRAHAM, McLAUGHLIN, and SCOTT, JJ., concur.

HOUGHTON, J. I concur on the ground that the undertaking should not be construed as securing the indebtedness for which the security was pledged.