judgment through an affirmance upon appeal.   Wadsworth v. Green, 1 Sandf. 78.

In the event of the reversal of a judgment obtained, the right of action on the undertaking would be defeated (Ball v. Gardner, 21 Wend. 270; Bennett v. Brown, 20 N. Y. 99); but this situation is not present here, the question being simply as to whether, pending the appeal and during the stay, this action was prematurely brought. Since proceedings collateral to a judgment are not affected by a stay of proceedings under the judgment (see 20 Ency. of Pl. & Pr. 1240), and since, as I have noted, the defendant's obligation was expressed to attach upon the recovery of judgment, my conclusion is that the plaintiffs are entitled to judgment for the amount demanded in the complaint.

Form of decision and judgment to be presented accordingly on notice of settlement

Judgment accordingly.

━━━━━━━

(67 Misc. Rep. 602.)

### AMERICAN EXCH. NAT. BANK v. GOUBERT et al.

(Supreme Court, Trial Term, New York County.   May, 1910.)

1. DAMAGES (§ 190*)—EVIDENCE—LOSS OF VALUE TO GOODS.
That stock which has no market value sold at a certain date for a price below its book value at an earlier date does not justify the inference of a loss thereon to the holder during the intervening period.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 513;  Dec. Dig. § 190.*]

2. INJUNCTION (§ 235*)—INJUNCTION BONDS—CONSTRUCTION.
An injunction bond is not to be construed so as to extend the surety's obligation beyond the necessary and reasonable meaning of the words employed, and hence such an undertaking given as security for a debt claimed to be due defendant will not be construed as a guaranty of payment rather than collection, where its language is satisfied by the latter construction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 529-537; Dec. Dig. § 235.*]

3. INJUNCTION (§ 252*)—INJUNCTION BOND—EXTENT OF LIABILITY.
Where plaintiff sued to recover corporate stock, and obtained an injunction restraining its transfer, upon giving an undertaking as security for collection of the debt claimed to be due defendant, and for which it claimed to hold the stock as collateral, in the absence of proof that defendant has exhausted the ordinary legal remedies for collection of the debt, it will be restricted to the incidental damages for expenses of the litigation involved in resisting the injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 586-598; Dec. Dig. § 252.*]

Action by the American Exchange National Bank against Auguste Goubert and others   Judgment for plaintiff.
See, also, 135 App. Div. 371, 120 N. Y. Supp. 397.

Joseph M. Hartfield, for plaintiff.
Charles N. Morgan, for defendants.

BISCHOFF, J. So far as this action upon the undertaking proceeds for indemnity for the plaintiff's alleged loss through the prevention of the sale of the securities, the case has not been established, there being no proof that an actual loss resulted. The book value of the corporate assets as of December, 1906, disclosed a certain standard of the value of the stock, which value was slightly increased in December, 1907. The stock had no market value; and the mere fact that it sold at less than a price conforming to the 1906 and 1907 book value, when offered by the plaintiff at public sale in April, 1908, affords no basis for the finding of an actual loss, since the standards of value thus compared are in no way similar.

While the undertaking is properly to be construed as given "as security" for the indebtedness therein referred to (American Exchange Nat. Bank v. Goubert, 135 App. Div. 371, 120 N. Y. Supp. 397), there is nothing in the words used to support the finding that the application was to secure payment, as distinguished from collection of the debt. The undertaking is not to be construed in such manner as to extend the surety's obligation beyond the necessary and reasonable meaning of the words employed; and, so construed, a guaranty of collection is all that this instrument imports. An additional and broader liability may not be read into the surety's contract according to well-settled rules of construction. Brandt, Surety, § 106. There is, however, no proof that the plaintiff has exhausted its ordinary legal remedies as to collection of the debt; and it results that the recovery must be restricted to the incidental damages proven for expenses of the litigation involved in the resistance of the injunction itself.

There should be judgment for the plaintiff for $250. Form of decision and judgment may be presented on notice of settlement.

Judgment accordingly.