THE AMERICAN EXCHANGE NATIONAL BANK, Appellant, *v.* AUGUSTE A. GOUBERT et al., Respondents.

Injunction — liability on undertaking or bond, required as condition of granting injunction — bond, not the order requiring it, constitutes the contract of the sureties.

In an action against a national bank to recover possession of certain corporate stock which it held as collateral the Special Term of the Supreme Court made an order granting an injunction restraining the bank from selling the stock, upon the condition that the plaintiff in such action file an undertaking with sureties, for a designated amount, to indemnify the bank from damages, costs or expenses caused by the issuance or continuance of the injunction, and as security for the indebtedness claimed to be due to the bank and for which it held such stock as collateral. The plaintiff thereupon filed a bond, not an undertaking, in the language of which there is nothing to indicate that the plaintiff and his sureties intended to assume the debt claimed to be due to the bank, and all that they did was to undertake to hold the bank harmless from loss as a result of the injunction, and such bond was accepted by the bank. *Held,* that in an action upon such bond the bank can recover from the principal and sureties named therein only the expenses of the litigation in which the injunction was granted; that

it is the bond, and not the order under which it was given, which constitutes the contract, and that the language of the bond cannot now be enlarged by reference to the terms of the order.

*American Ex. Nat. Bank* v. *Goubert*, 146 App. Div. 875, affirmed.

(Argued February 10, 1914; decided March 3, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 1, 1912, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Raleigh H. Hansl* and *Joseph M. Hartfield* for appellant. The undertaking is a binding and obligatory agreement. (*Goodwin* v. *Bunzl*, 102 N. Y. 224; *Ryan* v. *Webb*, 39 Hun, 435; *Toles* v. *Adee*, 84 N. Y. 222; *Decker* v. *Judson*, 16 N. Y. 439.) The undertaking created an absolute and independent obligation upon the part of the respondents to pay to the appellant the indebtedness due upon the note to the amount stipulated in the undertaking, in case the action, pending which the injunction was granted, should fail. (*Wysong* v. *Meyer*, 58 App. Div. 422; *M. L. Ins. Co.* v. *Hall*, 31 App. Div. 574; *Prime* v. *Koehler*, 77 N. Y. 91; *Raabe* v. *Squier*, 148 N. Y. 81.) Even assuming that the undertaking is not an independent and absolute promise running in favor of the appellant, it certainly is an agreement of suretyship whereby the respondents guarantee to the appellant the payment of the indebtedness due, and is not merely a guaranty of the collection of that indebtedness. (*Sonneborn* v. *Libbey*, 102 N. Y. 539; *Ryan* v. *Webb*, 39 Hun, 435; *Crist* v. *Burlingame*, 62 Barb. 352; *Belloni* v. *Freeborn*, 63 N. Y. 383; *Smith* v. *Molleson*, 148 N. Y. 241; *Gamble* v. *Cuneo*, 21 App. Div. 413; *Sauger* v. *Miner*, 54 App. Div. 54; *C. Nat. Bank* v. *Dumary*, 206 N. Y. 550; *Musco* v. *U. S. Co.*, 196 N. Y. 459; *Guaranty Co.* v. *P. B. Co.*, 191 U. S. 416.)

*George E. Morgan* for respondents.   The undertaking was a statutory undertaking and it was given upon the granting of a provisional or temporary injunction and must, therefore, conform in substance with the requirements of the Code and is not to be deemed a security of Mayer to the plaintiff except so far as it makes the defendants liable for any loss or damage which the plaintiff suffered by reason of the injunction.   (*Palmer* v. *Foley*, 71 N. Y. 106.)

CARDOZO, J.   The defendants have given to the plaintiff, The American Exchange National Bank, a bond of indemnity which we are called upon to construe.

The bank held a note for $2,800, which was secured by stock of the Goubert Manufacturing Company.   The defendant Goubert, in whose name the shares stood, was not a party to the note, nor indebted to the bank.   He brought an action against the bank to recover possession of the certificate of stock, upon a claim that as against him the bank held it without right.   He moved in that action for an injunction restraining the bank from disposing of the stock until the action was determined.   The court made an order granting the injunction "only upon condition that the plaintiff, within ten days from the date hereof, file an undertaking, with sureties to be approved by this court, in the sum of one thousand five hundred ($1,500) Dollars, agreeing to indemnify and hold the defendant, the American Exchange National Bank, harmless from any and all damage, interest, cost or other expenses by reason of, or growing out of, the issuance or continuance of the injunction, and as security for the amount of indebtedness claimed to be due to the defendant, and for which it claims to hold said certificate of stock as collateral."

A bond was thereupon filed by Goubert and his surety. It deviates in important particulars from the undertaking called for by the order, but it was accepted as suffi-

cient. It recites the entry of an order granting the injunction upon condition that the plaintiff (Goubert) file an undertaking " agreeing to indemnify and hold harmless the defendant (the Bank) as therein mentioned." It binds the obligors to the payment of $1,500, and it states the condition of the bond as follows:

"Now, therefore, the condition of this obligation is such that if the above bounden Auguste A. Goubert shall indemnify and hold the defendant, The American Exchange National Bank, harmless from any and all damage, interest, cost or other expenses by reason of or growing out of the issuance or continuance of the injunction as security for the amount of the indebtedness claimed to be due the defendant, and for which it claims to hold a certificate of stock as collateral, then this obligation to be void, else to remain in full force and virtue."

The action brought by Goubert to recover possession of the certificate of stock was dismissed upon the merits; and the bank brings this action to recover on the bond. The stock has been sold for $700, and after crediting this and other payments, there remained due upon the bank's note at the time of the trial a balance of upwards of $2,000. The finding is that the value of the stock when sold was no lower than the value at the date of the injunction. To hold the defendants liable for any part of the unpaid balance, it must, therefore, be found that they agreed not merely to pay any damages resulting from the injunction, but also to the extent of $1,500 to assume the debt, for which neither of them was liable up to the execution of the bond. The courts below have held, though not without division of opinion, that the bond, construed in the light of the order, imports a liability for the debt. (*Am. Exchange Nat. Bank* v. *Goubert,* 135 App. Div. 371.) They have held, however, that the contract is a guaranty of collection, and not of payment, and hence that the unpaid balance cannot be recovered, because the bank has not exhausted its legal remedies against the parties

to the note. The recovery has, therefore, been restricted
to the expenses of the litigation in which the injunction
was granted; and the case comes here upon an appeal by
the bank.

If we confine our consideration to the language of the
bond, we shall find nothing to indicate that the defend-
ants intended to assume the debt. All that they did was
to undertake to hold the bank harmless from loss as a
result of the injunction. It is true that in undertaking
to indemnify the bank even to that limited extent, they
stated that they did so "as security for the amount of
the indebtedness" for which the stock was collateral.
But that statement did not add anything to the scope of
their engagement. If the bond had been silent on the
subject, the necessary consequence of a promise to make
good a depreciation in the value of the collateral during
the period that its use was restrained, would be to add to
that extent to the security for the debt. The security of
the bond would take the place of the security of the
stock, and the debt would in each instance be the thing
secured. The bond, therefore, considered by itself, creates
an obligation to pay the damages and expenses resulting
from the injunction, and nothing else. In legal effect, it
does not go beyond the statutory undertaking prescribed
by section 620 of the Code of Civil Procedure. It imposes
no obligation on its makers to assume and pay the debt
except to the extent necessary to make good the impair-
ment of the value of the collateral as a result of the
injunction.

The argument is made, however, that the language of
the bond may be enlarged by reference to the terms of
the order under which it was given. The order calls for
an undertaking rather than a bond; and though this
difference of form in itself is immaterial, the attempt to
preserve in the bond a phraseology appropriate to an
undertaking, has emphasized the confusion. We think
it is true that the undertaking prescribed by the order

was to supply a two-fold protection: it was to indemnify the bank against any damage or expense resulting from the injunction; and it was also to secure the indebtedness for which the stock was then held as collateral. Indemnity against loss resulting from depreciation in the stock was sufficiently assured by the requirement that the bank be saved harmless from the damage caused by the injunction. To limit to such loss the direction that the undertaking should also secure the amount of the indebtedness is to make that provision meaningless. When called upon to choose between a construction that gives significance to all the clauses of the order and another that makes one of the clauses meaningless, we must prefer the former. (*People* v. *Lee,* 104 N. Y. 441, 449.)

We are thus confronted by an order which requires an undertaking not merely to pay the damages resulting from the injunction, but also to pay the debt, and a bond given in assumed compliance with the order, which is confined to the payment of the damages alone. The question is, how far conditions in respect of which the bond is silent may be incorporated into it so as to conform its meaning to the requirements of the order. That this bond was supposed to constitute a compliance with the order is not doubtful. The fact that it was made with that intent is stated in substance in its recitals. If the meaning of the bond were doubtful or ambiguous, we should have the right, in view of those recitals, to limit or to enlarge its operation accordingly. (*Sonneborn* v. *Libbey,* 102 N. Y. 539, 550; *Elmendorf* v. *Lansing,* 5 Cow. 468; *Smith* v. *Molleson,* 148 N. Y. 241, 246.) We think, however, that a court is without power to interpolate a new condition into a bond that is free from ambiguity in order to force a correspondence between the bond and the order under which it was executed. The order may be referred to for the purpose of explaining a doubtful phrase, but not for the purpose of inserting a new condition, and thus reforming the contract.

The argument is made that all that is needed to bring the order and the bond into harmony is the insertion of the single word "and" before the phrase "as security for the amount of the indebtedness." But to add that word by itself, without recasting the sentence, would so mutilate the language of the bond as to make it hard to believe that the parties would have signed it without further changes. The meaning, now the obvious one, would be clouded, but no other meaning would be given appropriate expression. The difficulty arises, as we have already suggested, from an attempt to apply to a bond the phraseology appropriate to an undertaking. The order contemplated an undertaking. It directed that an undertaking be filed agreeing to indemnify the bank against damage from the injunction, and as security for the amount of the indebtedness. To give an undertaking as security for a debt is a phrase which, if loose and inept, is yet not without meaning. But when the parties came to comply with the order they gave a bond by which they assumed an obligation subject to a defeasance. The condition of the bond, if we insert the word "and," would read as follows:

"Now, therefore, the condition of this obligation is such that if the above bounden Auguste A. Goubert shall indemnify and hold the defendant The American Exchange National Bank harmless from any and all damage, interest, cost or other expenses by reason of or growing out of the issuance or continuance of the injunction, and as security for the amount of the indebtedness claimed to be due the defendant, and for which it claims to hold a certificate of stock as collateral, then this obligation to be void, else to remain in full force and virtue."

Interpolated in such a context the words "and as security for the amount of the indebtedness" are meaningless. They do not express an intelligible condition. To express with any degree of fitness the meaning that is

the only excuse for any interpolation, we should have to recast the language so as to make it read "*and if they shall secure and pay* the amount of the indebtedness claimed to be due the defendant, and for which it claims to hold a certificate of stock as collateral, then this obligation to be void," etc.

We think that this is equivalent to making a new contract rather than construing one. The bond as executed may not have been in compliance with the order, but we are not permitted for that reason to discard its plain language, and substitute the order for the bond. It is the bond and not the order that constitutes the contract. In tendering this bond the obligors put their construction on the order, which was at least ambiguous, and in that construction the plaintiff acquiesced. The defendants may have construed the order erroneously. They may have supposed that its obscure requirement that they secure the debt was intended merely to define the purpose of the requirement that they hold the bank harmless from loss as a result of the injunction. If they had construed it otherwise they might have refused to sign a bond at all. In any event they have the right to insist that the bond rather than the order shall define the extent of their liability. If the bond was thought to be defective in form, another might have been exacted in more faithful compliance with the order, and the plaintiff having accepted the bond as given, is now bound by its terms.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN and MILLER, JJ., concur; CHASE, J., dissents on the ground that the bond of indemnity was intended to be in compliance with the order, and that construed in the light of the order it constitutes a liability for the payment of the indebtedness to the plaintiff to the extent of the amount unpaid thereon.

Judgment affirmed.