■ RICHARD M. H. THOMPSON et al., Respondents, v HALDOR TOPSOE et al., Appellants, et al., Defendant. [654 NYS2d 363] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered on or about June 25, 1996, which, in a declaratory judgment action concerning whether certain stock was pledged by plaintiffs to defendants-appellants as collateral for a loan or sold outright, denied appellants' motion to ascertain the damages they sustained by reason of a temporary restraining order enjoining defendant transfer agent and persons acting in concert with it from transferring registration of the stock, unanimously affirmed, with costs.

The motion was properly denied on the ground that once the temporary restraining order was vacated, the court was without authority to amend the undertaking, which named only the transfer agent as indemnitee, nunc pro tunc to interpolate a new condition, add an intended party, or otherwise vary its terms (*American Exch. Natl. Bank v Goubert*, 210 NY 421, 426; *Quandt's Wholesale Distribs. v Giardino*, 89 AD2d 669). Absent proof of malice, not asserted

here, there is no common-law or statutory right to recover damages sustained as a result of an improperly issued preliminary injunction; the right, rather, is contractual in nature, based on the undertaking (*see, Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433, 434). Thus, a party on whose behalf an undertaking is not posted cannot recover thereon, even though that party opposed the injunction and is the only party susceptible to sustaining a loss by reason of its issuance (*cf., supra*, at 434-435). Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.