**CHATHAM PARTNERS, INC.,**
Plaintiff–Appellant,

v.

**FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, Defendant–
Appellee.**

No. 00–9181.

United States Court of Appeals,
Second Circuit.

April 18, 2001.

Alfred Ferrer III, Eaton & Van Winkle, New York, NY, for appellant.

William R. Mait, Mait, Wang & Simmons, New York, NY; Robert Wang on the brief, for appellee.

Present McLAUGHLIN, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff-appellant Chatham Partners, Inc. ("Chatham") sued an entity called Fix–Corp. International, Inc. ("Fix–Corp.") in New York State Supreme Court in order to enforce an arbitration award. That award comprised $320,148.29 in money damages, interest, attorneys' fees and other expenses, and $4,148,000 for the value of two million warrants. The Supreme Court ruled in Chatham's favor, and Fix–Corp. appealed.

Fix–Corp. thereupon asked defendant-appellee Federal Deposit Company of Maryland ("F & D") to issue an appeal bond. According to the express terms of the bond, F & D agreed to pay to Chatham $320,148.29 if the judgment appealed from was affirmed or the appeal was dismissed. A rider was executed on February 1, 1999, pursuant to which the amount of the bond was increased to $374,145.40, to cover interest accrued between the date the award was ordered by the arbitrator and the date of the decision of the New York Supreme Court.

On November 23, 1999, the Appellate Division dismissed Fix–Corp.'s appeal of the Supreme Court's judgment. And, on December 3, 1999, F & D tendered to Chatham the $374,145.40 (plus interest and costs) that had been secured under the bond and rider.

Soon after, Chatham initiated the instant suit in the United States District Court for the Southern District of New York (Martin, *J.*), asserting that F & D was required to cover the more than $4,000,000 owed by Fix–Corp. for the warrants. The district court found that "F & D's contract clearly limited its liability to the amount of the judgment as set forth in the bond." Moreover, noted the district court, "plaintiff's own statements . . . show that it knew that the bond was so limited." Judge Martin found that F & D had "completely fulfilled its contractual obligations" and, therefore, the suit against F & D was dismissed.

This appeal followed.

## DISCUSSION

Chatham's principal contention is that F & D's appeal bond "is a statutory undertaking," and that, as a result, the terms of that undertaking are "set by statute." Chatham insists that, under CPLR § 5519(a)(2), which permits a stay of enforcement proceedings pending appeal if a surety bond has been posted, the appeal bond was required to cover the *entire* Supreme Court judgment, *including* the value of the warrants.

■ It is well-established under New York law, however, that "[t]he liability of a surety is limited to the express terms of the contract; his obligation, so far as warranted by the terms employed, should be construed strictly and favorably to him." *Ward v. Stahl,* 81 N.Y. 406, 406 (1880); *see also McCluskey v. Cromwell,* 11 N.Y. 593,

598 (1854) ("The principle is well settled, that a surety is not held beyond the fair scope of his engagement, and that in contracts of suretyship, above all other contracts, the meaning of words and phrases is not to be extended to the prejudice of the surety. . . . In other words, the liability of sureties is always *strictissimi juris,* and shall not be extended by construction."). And even in cases where the terms of a bond conflict with the requirements of the law, it is the contract that controls the parties' obligations. *See American Exchange Nat'l Bank v. Goubert,* 210 N.Y. 421, 104 N.E. 928, 930–31 ( N.Y.1914) ("The bond as executed may not have been in compliance with the order, but we are not permitted for that reason to discard its plain language, and substitute the order for the bond. It is the bond and not the order that constitutes the contract.").

■ There is no support in the New York caselaw for Chatham's claim that a surety company can be held responsible for an amount greater than that indicated on the face of the bond it executes. Moreover, as the district court found, it is undeniable that Chatham knew that F & D intended to secure no more than $374,145.40. A plaintiff may not remain silent at the time a facially limited bond is executed, and, after the judgment against the debtor is affirmed, obtain recovery from the surety company that is greater than the amount that the bond covered. The bond and rider were unambiguous as to the ceiling on F & Ds liability. It follows that F & D fulfilled its obligations under that bond.

We have considered all of appellants' arguments and find them to be without merit. The judgment of the district court is AFFIRMED.